NICHOLS, Senior Circuit Judge:
 

 This is an appeal from the judgment of the United States District Court for the Northern District of Georgia affirming the decision of the United States Bankruptcy Court for the Northern District of Georgia which held untimely the United States’ amended proofs of claim for certain federal corporate income taxes. This court has jurisdiction under 28 U.S.C. § 1293(b). Appellant contends that the bankruptcy court abused its discretion in holding that the amended claims for corporate income taxes were untimely under the circumstances which shall be presented below. Finding there was no abuse of discretion, we
 
 affirm.
 

 Facts
 

 Appellees International Horizons, Inc. (IHI); International Horizons (Curacao), N.V.; North American Exports, Inc. (NAE); and International Horizons, N.Y., on March 20, 1981, filed petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101
 
 et seq.
 
 World of English, N.V. and Communication and Studies International, Ltd., affiliates of the above-mentioned debtors, filed similarly on June 17, 1981, as did Financial Resources, K.K., on February 1, 1982. The proceedings involving these debtors were handled in consolidated form, with the debtors continuing to operate the businesses as debtors-in-possession.
 

 On June 17, 1981, the bankruptcy court set a bar date by order, filed pursuant to Rule 3001(b)(2)(B) of the Interim Bankruptcy Rules (adopted by the bankruptcy court and the District Court for the Northern District of Georgia as applicable to cases under Chapter 11 of 11 U.S.C.) and notwithstanding the provisions of §§ 502 and 1111(a) of Title 11, in which it ordered that creditors desiring to assert claims against debtors were to file proofs of claim on or before August 31, 1981. It is undisputed that the United States Internal Revenue Service (Service) was sent timely notice of the bar date order.
 

 On May 18, 1981, and June 29, 1981, the Service filed proofs of claim against NAE asserting claims for withholding taxes and Federal Unemployment Tax Act (FUTA) taxes for three quarterly tax periods of 1980 and 1981 in the amount of approximately $33,000. On May 18, 1981, the Service also filed a proof of claim against IHI asserting claims for withholding taxes for two quarterly tax periods of 1980 and 1981 for approximately $36,000.
 

 
 *1215
 
 Subsequent to the bar date, on December 28, 1981, the Service served upon NAE a notice of deficiency for corporate income taxes in the amounts of $385,539 and $14,-886,908 for the 1974 and 1975 tax years respectively. Prior to the bar date, indeed prior to debtors filing their petitions, the Service and NAE had discussed whether taxpayer NAE’s tax returns were correct at a closing conference for an audit on October 15, 1980. There was no resolution of the controversy at this October 15 meeting, and NAE was not contacted about the Service’s concerns again until the notice of deficiency, more than a year after the closing conference and four months after the bar date. No corresponding proof of claim for corporate income taxes was filed, nor was an extension for time to file ever requested.
 

 Following receipt of the notice of deficiency, on January 22, 1983, debtors filed a disclosure statement indicating that they had received a notice of deficiency and intended to “vigorously” contest. The disclosure statement also described the plan’s provision that unfiled claims be cancelled without any payment whatsoever. Payment of corporate income taxes was never scheduled in the reorganization plan, as the only listing of payment to the government was in the amount of $71,360, the aggregate of the FUTA and withholding taxes.
 

 November 5 was set by the bankruptcy court as the deadline for filing objections to the disclosure statement; ballots and objections to confirmation of the reorganization plan were to be filed by December 6, 1982. The government filed no objections. Rather, on November 2, prior to the deadline for objections to the disclosure statement and the plan, the Service filed an amended proof of claim asserting a claim against NAE for the withholding and FUTA taxes (stated in the original proof of claim) and a claim for corporate income taxes in the amount of $385,539 and $14,886,908 and interest in the amount of $160,019 and $5,074,124 for the tax years 1974 and 1975 respectively. On November 18, 1982, the Service filed an amended proof of claim against IHI, asserting the previous claims against IHI and a claim for corporate income tax of $1,719,649 and interest of $81,-412 for 1980. Taken together, the two amended proofs asserted claims of well over $20,000,000, amended on to the original $70,000 claimed.
 

 Finally, ending the long saga of reorganization negotiations, a hearing on confirmation was held on December 15, 1982. During this hearing an exchange occurred among the judge, debtors’ counsel, and the Service’s counsel concerning tax claims. Of course, appellant and appellees each interpret the meaning of this exchange differently. The record does show, however, at least that debtors’ counsel indicated that the plan would allow for payment of
 
 actual
 
 tax liability as found by the bankruptcy court, and that the government, which had not actively participated in the almost incessant hearings and conferences which occurred in the 21 months of negotiations leading to the confirmation hearing, was aware that debtors felt they would have to pay no corporate income taxes and that it was unlikely that the debtors could pay those tax claims and other creditors’ claims as well. Still, the government stated that the plan should be confirmed, as it ultimately was. The debtors filed an objection to the government corporate income tax claims and moved for summary judgment in March 1983; the government filed a cross-motion. The bankruptcy court granted debtors’ motion in June 1983.
 

 Dispositions Below
 

 We consider briefly the bankruptcy court’s decision here so that we may provide an ample foundation for consideration of any abuse of discretion.
 

 The bankruptcy court determined that Rule 715 of the Rules of Bankruptcy Procedure, which incorporate Rule 15 of the Federal Rules of Civil Procedure, controls consideration of allowance of pleading amendment, and noted that while amendments should be freely allowed, they are not to be used to assert an entirely new claim.
 

 
 *1216
 
 The court first considered amendment under the traditional view that amendment was allowed only where a new claim was not being asserted and an original timely proof of claim had been filed. Distinguishing the case principally relied upon by the Service,
 
 Menick v. Hoffman,
 
 205 F.2d 365 (9th Cir.1953), as of precedential value only in its factual setting in which notice to the individual’s business of a claim for withholding taxes also constituted notice to the individual of his income tax liability, the court found that:
 

 [T]he Service’s amendment asserts a new claim — i.e. a claim not arising out of the same occurrence or transaction as the timely filed proofs of claims filed by the Service in these cases. To the extent that the Court could find [the Service’s prebankruptcy tax actions] constituted notice to the debtors of the Service’s claims for corporate income taxes, the Court would hold that notice of the existence of a claim is not sufficient to establish that claim in a bankruptcy proceeding and that a creditor has an affirmative duty to [file] timely a proof of claim.
 

 The court then undertook a detailed analysis of equitable factors following the analysis of
 
 In re Miss Glamour Coat Co.,
 
 80-2 U.S.T.C. ¶ 9737 (S.D.N.Y. Oct. 8, 1980), and held that—
 

 This Court [refuses] to allow the Service to amend its proof of claim. While the debtor and its creditors acted with knowledge of the potential of the IRS’s asserting a claim for corporate income taxes in these cases, when balanced against the Service’s behaviour, it would not be appropriate to grant the Service leave to amend. The Service has disregarded its internal procedures concerning the filing of proofs of claim for unliquidated or disputed claims and has offered no justification for its failure to act timely. While amendments are to be freely allowed where justice so requires, * * * the Service’s unexplained negligence does not present an instance under which justice or fairness requires the allowance of an amendment.
 

 The district court, after a
 
 de novo
 
 review of the record, adopted in full and affirmed the findings of fact and conclusions of law set forth by the bankruptcy court.
 

 Discussion
 

 This court reviews the decision of the district court and the bankruptcy court and will reverse only upon finding an abuse of discretion.
 
 Carnegia v. Georgia Higher Education Assistance Corp.,
 
 691 F.2d 482, 483 (11th Cir.1982). (Since the district court adopted the decision of the bankruptcy court, we will address ourselves only to the bankruptcy court decision.) Appellant asserts the court’s decision below disallowing amendment constitutes an abuse of discretion because the debtors and creditors were aware of the tax liabilities, the amended proof of claim was filed prior to plan confirmation, the plan arguably provided for tax claim litigation on the merits, and because the debtors waited for three months after plan confirmation before objecting to the late claim. We find appellant’s contentions uncompelling.
 

 It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that “fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.”
 
 Pepper v. Litton,
 
 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.
 
 See Szatkowski v. Meade Tool & Die Co.,
 
 164 F.2d 228, 230 (6th Cir.1947);
 
 In re G.L. Miller & Co.,
 
 45 F.2d 115 (2d Cir.1930). Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.
 
 In the Matter of Commonwealth Corp.,
 
 617 F.2d 415, 420 (5th Cir.1980).
 
 See Wheeling Val
 
 
 *1217
 

 ley Coal Corp. v. Mead,
 
 171 F.2d 916, 920 (4th Cir.1949).
 

 Under the traditional view on the appropriateness of amendment that the bankruptcy and district courts first considered, and which was developed interpreting the statutory 6-month bar provision of § 57n of the Bankruptcy Act, 11 U.S.C. § 93(n), amendment is permitted only where the original claim provided notice to the court of the existence, nature, and amount of the claim and that it was the creditors’ intent to hold the estate liable.
 
 See Walsh v. Lockhart Associates,
 
 339 F.2d 417, 418 (5th Cir.1964).
 
 See also Sun Basin Lumber Co. v. United States,
 
 432 F.2d 48, 49 (9th Cir.1970);
 
 Lacoe v. DeLong,
 
 65 F.2d 82, 83 (9th Cir.1933). Appellant contends that the court below abused its discretion in applying the facts of this case to the above-mentioned principles, and relies on
 
 Menick v. Hoffman,
 
 205 F.2d 365 (9th Cir.1953), a case where the Service was allowed amendment of a withholding tax claim to include an income tax claim.
 

 The court below has considered
 
 Menick
 
 and we think properly found it confined to its facts. In
 
 Menick,
 
 a case decided by the ninth circuit and not controlling in this circuit, the bankrupt was an individual, rather than a corporation, and the withholding taxes as to the bankrupt’s business had a dual identity of being also income taxes as to the bankrupt individually. In the present case the original claim also was for withholding and FUTA taxes; however the amendment sought to introduce claims based upon nonrecognition of a transaction under 26 U.S.C. § 351, controversy over business deductions, and disqualification of NAE as a domestic international sales corporation (DISC). In
 
 Menick
 
 the ninth circuit considered that the amendment merely particularized a claim to include taxes of a same generic origin. The bankruptcy court here determined that the amended claims, relating to nonrecognition of a transaction and adjustments premised upon the complex DISC tax provisions, simply did not relate to basic withholding and FUTA taxes. We can find no abuse of discretion in the court’s determination that the amended claim was actually an assertion of a new claim. (This court neither endorses nor rejects the Ninth Circuit’s reasoning in
 
 Menick,
 
 as the facts of that case are not before us.)
 

 Appellant suggests, however, that the circumstances of this case are analogous to those in which the courts have deemed amendment merely a method of perfecting a prior informal proof of claim. Appellant asserts that the debtors, as debtors-in-possession and thus standing in the shoes of a trustee under 11 U.S.C. § 1107, were well aware of the government’s claims since they had discussed these tax issues with the Service in 1980. Furthermore, asserts the Service, the disclosure statements noted the Service’s notice of deficiency against debtors and the plan called for litigation of tax claims. The bankruptcy court found that the debtors and creditors knew of the potential of the Services’ asserting a claim for corporate income taxes against the debtors.
 

 The bankruptcy court rightly found that mere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is “filed” prior to the bar date.
 
 See Wilkens v. Simon Brothers, Inc.,
 
 731 F.2d 462, 465 (7th Cir.1984) (“The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient”).
 

 Here the Service met with NAE to discuss alleged tax liabilities months prior to debtors filing for bankruptcy. No mention of the potential liability was made again until a notice of deficiency was sent months past the bar date. Nothing in the record indicates that the debtors or creditors knew that the government intended to assert a corporate income tax claim prior to
 
 *1218
 
 the bar date. While it is true that the creditors and debtors were aware of the Service’s claims prior to plan confirmation, nothing in the record indicates that the interested parties were aware of the claims prior to the bar date, the date by which claims were to be filed.
 

 The informal proof of claim as a minimum must furnish the information that a formal claim would give. This includes the fact the claimant has what it believes to be legal claim for money owing. In the tax context, after audit of income tax returns, such notice is given in a notice of deficiency. We may suppose,
 
 arguendo,
 
 that a notice of deficiency, known to the trustee, before the cut-off date, would have some claim to be regarded as an informal proof of claim in the bankruptcy. Here there was no notice of deficiency until too late. After an audit, and after discussions of tax liability by the taxpayer with the auditor and perhaps other Treasury officials, but before notice of deficiency, Treasury is sending an ambiguous message. Its silence may say that on review it has failed to find the right to collect taxes so obvious and clear as the auditor said. It may say the matter is still under study. It does not say taxpayer is exonerated. It does not say taxpayer is liable and owes money in all events.
 

 Such an ambiguous message would to the ordinary mind become a little less ambiguous as a greater length of time passed in silence. The message is strengthened that Treasury’s right to collect a deficiency is found not as clear as originally supposed. The message is weakened that Treasury is just perfecting the details of its claims. It is clear that until notice, or until limitations run, taxpayer is not justified in disregarding any possible contingent tax liability in determining its financial condition. None of this adds up to an informal proof of claim. Thus, the Service has not shown sufficient facts from which we may conclude that the court abused its discretion in finding that no informal proof of claim was filed.
 
 Cf. Evanston Motor Co. v. First National Bank of Lincolnwood,
 
 735 F.2d 1029 (7th Cir.1984) (cases accepting that an assertion of a claim against a trustee is equivalent to filing with the court, and is thus an informal proof of claim, are based on law superseded by Bankruptcy Rule 509(c) and Interim Bankruptcy Rule 3001 and are no longer applicable).
 

 Finally, appellant asserts that the court abused its discretion when balancing the factors enunciated in
 
 Miss Glamour Coat, supra,
 
 which held in a case of similar circumstances that the court should consider (1) whether the debtors and creditors relied upon the Service’s earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed pending the completion of an audit; (2) whether other creditors would receive a windfall by the court’s refusing to allow amendment; (3) whether the Service intentionally or negligently delayed in filing its proof of claim stating the amount of corporate tax due; (4) the justification for failure of the Service to file for a timely extension to the bar date; and (5) whether equity requires consideration of any other factors. The Service concedes that it was negligence not to request an extension for its time to file a proof of claim, as indeed its regulations require. The Service proffers no justification. Yet the government suggests that other equitable factors exist which strongly support amendment.
 

 The bankruptcy court considered the
 
 Miss Glamour Coat
 
 factors in detail. It found that the debtors and creditors were aware of the income tax liabilities and acted, at least in part, based on that knowledge. Still the court found that the creditors would not receive a windfall if the tax claim was barred. The government had multiple opportunities to assert its claim timely; it did not. It had opportunity to object to the disclosure statement which did not schedule corporate income taxes; it did not. It was aware that the reorganization plan described payment only of
 
 actual
 
 tax liabilities and that the plan would be unviable should the government reach and prevail on the merits of its tax claim. Yet it did not object to the plan either in writ
 
 *1219
 
 ing or at the confirmation hearing. The bankruptcy court held that given the above behavior, the Service was estopped from asserting that a windfall would befall creditors absent the tax claims. We can find no abuse of discretion in the court’s equitable consideration of the Service’s reorganization posture.
 

 Finally, the government claims as an equitable factor that the plan provided for litigation of the tax claims in bankruptcy court, that the plan binds the debtors, and that debtors waived the right to object to the claim by allowing the plan to go through confirmation. We find that the plan provision allowing for litigation of tax claims did not bar objections to claims on the grounds of timeliness. The plan discloses payments only of timely claims and the discussion of the plan given by appellees’ counsel at the confirmation hearing was a mere summary not intended to give detailed analysis of specific claims. The government’s somewhat paradoxical argument that appellees have waived their right to object by waiting for three months, when appellant, through unjustified negligence, waited 20 months to assert its late claim, is singularly unappealing.
 

 Conclusion
 

 The court below provided a detailed analysis of the facts and correctly related them to the applicable law. The government concedes that it is to receive no special consideration in determination of its late claims. Here the Service acted negligently and without justification. It was given every chance to assert its rights, yet failed to until the eve of confirmation. Aware that debtors plan was unviable should its claims prevail, the Service still argued that the plan be confirmed. The weighing of equities is within the province of the courts below and their judgment is to be reversed only when an abuse of discretion occurred. Having considered appellant’s arguments, the record, and the decisions below, we find no abuse of discretion.
 

 AFFIRMED.