**In re F.C.M., CORPORATION, Debtor.**

**Bankruptcy No. 78–1223–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 25, 1988.

Glenn S. Sommer, Schantz, Schatzman, Aaronson & Berlin, P.A., Miami, Fla., for Trustee.

John T. Lyons, Dist. Counsel, I.R.S., John Hernandez, and Robert G. Hewitt, Miami, Fla., Joy L. Pritts, Tax Div., Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM DECISION ON TRUSTEE'S OBJECTION TO CLAIM NO. 37 FOR FEDERAL TAXES

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before this Court for hearing on the Trustee's objection to Claim No. 37 of the United States for internal revenue taxes on December 15, 1987. Upon reviewing the testimony presented at the hearing, the objection and the letter briefs submitted by counsel, and being otherwise fully advised, this Court hereby makes the following determination.

On May 14, 1979, the Internal Revenue Service timely filed a proof of claim on behalf of the United States for unpaid FICA and FUTA taxes for periods ending in 1978, totalling $4,999.30. The bar date for filing claims was May 22, 1979.

As of that date, the Debtor had not filed its corporate federal income tax return for 1978, which was overdue. Neither the Debtor nor the Trustee ever filed a corporate income tax return for 1978. After obtaining corporate records pursuant to summons, the Internal Revenue Service prepared a substitute for return for the Debtor and, on April 9, 1982, amended its proof of claim to reflect the Debtor's 1978 corporate tax liability of $96,872.21.

On September 16, 1986, the Trustee filed his objection to the United States' claim for unpaid Federal taxes in the total amount of $101,872.21 contending that the amended claim should be disallowed because it was filed after the bar date.

This Circuit has recognized the principle that the Bankruptcy Court may consider equitable factors in determining whether to allow a postbar date amendment to a proof of claim. In *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985), the United States Court of Appeals for the Eleventh Circuit addressed the issue of whether a postbar date amendment to a proof of claim should be allowed. Although the Court disallowed the amendment in that case, the Court implicitly approved the application of the following equitable factors in determining whether postbar date amendments to claims should be allowed: 1) Whether the debtor and creditors relied upon the Service's earlier proof of claim or whether they had reason to know that a subsequent proof of claim would be filed pending the completion of an audit; 2) Whether other creditors would receive a windfall by the court's refusing to allow amendment; 3) Whether the Service intentionally or negligently delayed in filing its proof of claim stating the additional amount of tax due; 4) Whether there was justification for the failure of the Service to file for a timely extension to the bar date; and 5) Whether equity requires con-

sideration of any other factor. *Id.* at 1218 (citing *In re Miss Glamour Coat Co.* 80–2 U.S.T.C. ¶ 9737 (S.D.N.Y.1980) [available on WESTLAW, 1980 WL 1668]).

In the present case, the equities favor allowing amendment to the claim of the United States for taxes. First, it is not clear that the Debtor and the other creditors relied on the earlier proof of claim of the United States or had reason to know that a subsequent claim would be filed. It is clear, however, that the Debtor did not file its corporate income tax return for 1978 even though the Debtor had the responsibility to do so. The Debtor clearly had reason to know that there could be liability on that return.

Second, other creditors will receive a windfall if the amendment is disallowed. The Trustee has not objected to the amount of the tax due, only the timing of the proof of claim seeking the tax. To disallow $101,872.21 in tax would provide an undue enrichment to other creditors.

Third, there has been no showing of intentional or negligent delay by the Service in filing its proof of claim stating the amount of corporate tax due. Although some of the Service's records have been destroyed due to the age of these taxes, the records which still exist demonstrate that the Service diligently pursued this matter. In spite of a number of inquiries by the Service Center, Internal Revenue Service, neither the Debtor nor the Trustee ever filed a corporate tax return for 1978. Eventually, the Service resorted to issuing a summons to obtain the corporate records and prepared and filed a substitute return on behalf of the Debtor based on these records.

Lastly, and most importantly, the Service was justified in failing to file for a timely extension of the bar date. As of the bar date for asserting claims, the Debtor had not filed its federal corporate income tax return, although it was overdue. The Debtor never did file this return. The Court is particularly concerned with the concept of allowing taxpayers to defeat obligations to pay tax as a result of failing to file tax returns, and places significant weight on this equitable factor.

IT IS THEREFORE, ORDERED AND ADJUDGED that the Trustee's Objection to Claim No. 37 filed by the Internal Revenue Service on behalf of the United States of America in the amount of $101,872.21 be and hereby is overruled and said claim is hereby allowed in total.