### In re FINCHER MOTORS, INC., Debtor.

### Bankruptcy No. 87–00958–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 17, 1988.

---

Friedman & Lehman, P.A., Harold Friedman, Quinton, Lummus, Dunwody & Adams, P.A., Albert D. Quinton, Jr., Miami, Fla., for debtor.

James F. McAuley, Asst. Atty. Gen., Margaret C. Demetree, Florida Dept. of

Revenue, Tallahassee, Fla., for State of Fla.

## ORDER DENYING LATE FILED CLAIM

THOMAS C. BRITTON, Chief Judge.

The State of Florida, Department of Revenue, a priority creditor with an allowed claim in the amount of $184,396.96 has moved (CP 168) to "allow claim and enlarge time for filing proof of claim." The motion was heard on January 19.

This creditor's original claim in the amount of $169,292.42, filed May 15, 1987, was timely. The timely-filed prepetition claim was amended on September 10 and November 20 to assert the creditor's post-petition administrative claim in the amount of $15,104.54. The disputed additional claim in the amount of $296,177.72 was filed five months after the claims bar date, August 16, 1987, which had been established in this chapter 11 case.

The motion, filed January 8, seeks to permit the filing of a claim for sales taxes for the period February 1, 1980 to January 31, 1983. This claim is completely unrelated to the other claims of this creditor. The motion was filed eight weeks after the claimant prepared its ballot accepting the debtor's reorganization plan in which it did not assert a claim for this additional, disputed amount. The ballot contained a statement by this creditor that its claim was for $184,396.96.

A confirmation hearing on the debtor's chapter 11 plan was held on November 19, 1987. By an order dated January 22, 1988, the plan has been confirmed.

Movant concedes, as it must, that it had actual notice of this bankruptcy long before the bar date, but seeks to excuse its late filing by arguing that it had no notice of the claims *bar date*. The creditor's self-serving statement in the motion that it did not receive notice and for that reason did not file this additional claim, omits the fact that it did timely file a claim for later sales taxes owed to the State. The creditor relies entirely on the failure of the clerk to give notice at its designated address, which even if true, is not the reason that the creditor failed to include the amount of the disputed claim in its timely-filed claim. It is, therefore, irrelevant whether this creditor received actual notice of the claims bar date because these circumstances convince me that it would not have filed this claim in a timely manner whether or not it received notice of the bar date. This is the creditor's only serious argument, and I reject it.

The ballot prepared by its own employee which clearly sets forth the amount due is convincing proof to conclude that the creditor through its own negligence simply overlooked the claim for the earlier taxing periods.

Although I do not doubt its other assertions regarding lack of notice and communications with the clerk and debtor's counsel, I find that the creditor failed to file this separate claim through its own inadvertence and neglect.

I find particularly convincing the similarity of circumstances here to the facts in *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985), where the court denied a creditor's late claim based, in part, on the principle of estoppel. In setting out the facts, the court concluded that:

"[t]he government had multiple opportunities to assert its claim timely; it did not. It had opportunity to object to the disclosure statement which did not schedule corporate income taxes; it did not. It was aware that the reorganization plan described payment only of *actual* tax liabilities and that the plan would be unviable should the government reach and prevail on the merits of its tax claim. Yet it did not object to the plan either in writing or at the confirmation hearing. The bankruptcy court held that given the above behavior, the Service was estopped from asserting that a windfall would befall creditors absent the tax claims. We can find no abuse of discretion in the court's equitable consideration of the Service's reorganization posture." *Id.* at 1218–19.

A confirmation hearing and voting procedure would be a meaningless mockery of justice if after participating in the proceed-

ings and accepting the plan based on certain agreed upon liabilities, a creditor could come forward with a late claim which almost doubles its timely claims and then argue that the unsecured creditors are receiving a windfall if the late claim is denied.[1] *Cf. In re Ruti–Sweetwater, Inc.*, 836 F.2d 1263 (10th Cir.1988) (creditor may not sit idly by and raise a challenge subsequent to adoption of reorganization plan).

In no sense have I overlooked or rejected the principle in a case cited by the creditor that:

> "[t]he statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

However, based on *International Horizons, supra,* and the factual circumstances presented here, this creditor is estopped to assert this additional tax claim now.

For the foregoing reasons, the motion to allow claim is denied.

---

**1.** This is particularly true in light of the letter sent to the creditor on November 3, 1987 by debtor's counsel setting forth the parameters of the debtor's ability to reorganize under the plan. [Debtor's Memorandum (CP 174a Ex. 6)].