### In re FESCO PLASTICS CORPORATION, INC.

### No. 87–2357.

United States District Court, C.D. Illinois.

Jan. 24, 1989.

William H. Schmelling, Chicago, Ill., for appellant.

David Heroy, Gardner, Carton & Douglas, Chicago, Ill., for FESCO.

### ORDER ON APPEAL

BAKER, Chief Judge.

This is a Chapter 7 bankruptcy proceeding. The case is before the court on appeal from an order entered by the Bankruptcy Court on April 8, 1987. The order disallowed all claims which had not been filed on or before February 6, 1986, and refused the appellants the right to amend their claims to list claims which had not been filed prior to that date. In the proceedings in the Bankruptcy Court, the United Steelworkers of America (USWA) sought to add fifty-seven new claims after the bar date of February 6, 1986. USWA did not seek to amend filed claims, or plead a new theory of recovery on claims that were filed. The USAW instead sought to add fifty-seven new unsecured creditors in the case who, after notice, failed to file their claims.

Rule of Bankruptcy Procedure 3002(c) says: *"Time for Filing.* In a Chapter 7 liquidation ... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code,...." Rule 9006(b)(3) says: *"Enlargement Limited.* The court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in [that] Rule[s]." It is USWA's contention that the Bankruptcy Judge abused his discretion in refusing USWA leave to amend proofs of multiple claims for wages, salary, or commissions and in disallowing any amendments to claims filed after February 6, 1986.

*In Re International Horizons,* 751 F.2d 1213 (11th Cir.1985), discusses the principles of law controlling in this case. In upholding a Bankruptcy Judge's refusal to permit amendments to claims after the bar date for claims the court said:

It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that "fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with

greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. *See Szatkowski v. Meade Tool & Die Co.*, 164 F.2d 228, 230 (6th Cir.1947); *In re G.L. Miller & Co.*, 45 F.2d 115 (2nd Cir.1930). Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment. *In the Matter of Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir.1980). *See Wheeling Valley Coal Corp. v. Mead*, 171 F.2d 916, 920 (4th Cir.1949).

*Id.* at 1216–17.

USWA also claims equitable reasons for permitting it to amend its claims. The applicable equitable doctrine is discussed *In re Glamour Coat Co.*, 80–2 USTC ¶ 9737, 1980 WL 1668 (S.D.N.Y. Oct. 8, 1980) (see the discussion in *International Horizons* at 1218–19). As pointed out by the trustee in his brief, the *Glamour Coat* principles support the bankruptcy court's order. Nothing in the record would support a finding that the trustee or the bankruptcy court was on any sort of notice that there would be additional claims for severence pay or unpaid medical benefits. There was no windfall to the Fesco creditors who filed their claims timely, and, finally the delay in filing the USWA claims is attributable more to that organization's dilatory conduct than it is to any action on the part of the trustee. Trustee's Brief, pages 11–12.

The Bankruptcy Judge, in discussing the case with counsel, Transcript at 2, indicated that his ruling was based on treatment of the USWA as any other unsecured creditor would be treated, and that there was nothing to make the court part from the rule that "while amendments should be freely allowed, they are not to be used to insert an entirely new claim." *International Horizons* at 1215. The court concludes that the record shows the Bankruptcy Judge did not abuse his discretion in refusing to permit the filing of new claims or the amendments of existing claims and the order appealed from is affirmed.