**In re John R. STOCKS, Debtor.**

**SUNSET BEACH, LTD., Plaintiff,**

**v.**

**John R. STOCKS, et al., Defendants.**

**Bankruptcy No. 88–07314.**
**Adv. No. 90–9002.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Jan. 8, 1991.

Neil H. Butler, Tallahassee, Fla., for plaintiff.

John Barley, Tallahassee, Fla., for defendants.

Ronald A. Mowrey, Tallahassee, Fla., trustee.

### ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REQUEST FOR JURY TRIAL

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on Sunset Beach, Ltd.'s ("Sunset") motion to strike Stocks Family Trust's ("SFT") request for a jury trial. In its answer to the amended complaint, the defendant, SFT, demanded a jury trial for all issues properly so triable. Plaintiff asserts that the defendant has no right to a jury trial in this adversary proceeding. Having considered the argument of counsel, together with the filed memoranda of law, and for the reasons set forth below, it is determined that Sunset's motion to strike SFT's request for a jury trial is granted.

This adversary proceeding is a matter to determine the Chapter 7 debtor's, John R. Stocks, interest in Sunset at the date of filing of the Chapter 7 petition and to determine the avoidability of certain transfers of the debtor's interest in Sunset.

Sunset was formed on December 31, 1979 by Stocks and Gene Brown through Leisure Properties, Ltd ("Leisure"). At Sunset's formation, Leisure obtained a 40% general partnership interest in Sunset. The remaining 60% was owned by twelve individuals.

On April 10, 1981, Stocks and Brown entered into an agreement whereby certain assets of Leisure were transferred to Stocks in exchange for Stocks interest in Leisure. One asset transferred to Stocks was Leisure's 40% interest in Sunset. Simultaneous with the transfer of Leisure's interest to Stocks, Stocks became the general partner of Sunset.

Stocks remained the general partner of Sunset from April 10, 1981 until April 21, 1988. Stocks contends that on June 10, 1983, he transferred his complete general partnership interest and his limited partnership interest in Sunset to SFT. Stocks alleges that the assignment was a collateral assignment from Stocks to SFT to secure the repayment of a debt in the amount of $706,813.

On April 21, 1988, Sunset Beach Management assumed the general partnership responsibilities of Sunset and is currently the corporate general partner of Sunset. The limited partners of Sunset contend that Stocks converted all of the cash proceeds from sales of Phase I and Phase II of 300 Ocean Mile to his own use or benefit.

Plaintiff's complaint alleges that the transfer by Stocks of his interest in Sunset to SFT lacked consideration, the note and assignment were never properly executed, SFT never properly perfected any security interest in Sunset, and the transfer conflicted with the requirements of the partnership agreement because the transfer was not approved by the limited partners of Sunset. Plaintiff asks that the Court determine that the transfer was invalid and that as of December 7, 1988, the date

which Stocks filed his petition in bankruptcy, SFT had not acquired any interest in Sunset, therefore, Stocks interest in Sunset was the property of Stocks as of the date of the bankruptcy petition and is property of the bankruptcy estate free of any claim by SFT.

The complaint also alleges that the transfer was fraudulent, was made with the intent to hinder, delay, or defraud existing or future creditors, and could not have been reasonably discovered by Sunset until Stocks filed his petition in bankruptcy. The plaintiff asks this Court to set aside the fraudulent transfer pursuant to 11 U.S.C. § 544(b) and Chapter 726, Florida Statutes.

The final count of the complaint asks the Court to set aside a preferential transfer pursuant to 11 U.S.C. § 547. Plaintiff contends that the collateral assignment was never perfected; therefore, the assignment is deemed by the Bankruptcy Code to have been made within 90 days of the filing of the Debtor's petition.

SFT's answer to the amended complaint denies most of the allegations and demands a jury trial. The sole issue presently before the Court is whether SFT is entitled to a jury trial in this action.

In Sunset's motion, it asserts that SFT has filed an informal proof of claim and that this is an action to recover an intangible. Sunset points to the Supreme Court decision, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), where the Court considered whether the Seventh Amendment gave a creditor the right to a jury trial. The Court considered whether the action was cognizable at law or in equity in the 18th century courts of England. It also considered the effect of filing a proof of claim on the creditors right to a jury trial.

Sunset contends that this is an action to recover the partnership interest in Sunset, which is an intangible, and that there is no right to a jury trial for such actions. Sunset quotes from the opinion

If the subject matter is a chattel, and is still in the grantee's possession, an action

in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received ... If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that is beyond dispute. *1 G. Glenn, Fraudulent Conveyances and Preferences,* § 98, pp. 183–184 (Rev.Ed. 1940).

*Granfinanciera,* 109 S.Ct. at 2791, and asserts that the Court has made it clear that the right to a jury trial exists only in actions at law and that actions to recover intangibles are not actions at law. It claims that since this adversary proceeding is an action to recover an intangible, which is not an action at law, SFT is not entitled to a jury trial.

Sunset further contends that, although SFT has not filed a formal proof of claim, it has filed an informal proof of claim and has submitted itself to the equitable jurisdiction of this court. Sunset cites to Eleventh Circuit cases that hold that it is sufficient to establish an informal proof of claim if the Court is apprised of the existence, nature, and amount of the claim. *In re South Atlantic Financial, Corp.,* 767 F.2d 814 (11th Cir.1985), *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir. 1985). Sunset claims there are numerous occasions where SFT has asserted that it is a major creditor of Stocks and that such actions constitute filing an informal proof of claim.

In response to the plaintiff's motion to strike the request for a jury trial, SFT asserts that it is has not waived its right to a jury trial by participating in the bankruptcy proceeding. SFT claims that it must first file a proof of claim, or voluntarily submit itself to the administrative procedures of Chapter V of the Bankruptcy Code and Part III of the Bankruptcy Rules before it waives its right to a jury trial.

SFT goes on to allege that the action to recover the partnership interest and that such property is personal property. Citing to *Granfinanciera,* SFT asserts that an action to recover personal property is an action at law. Therefore, the Seventh Amendment guarantees SFT's right to a jury trial.

## PROOF OF CLAIM

This case was originally filed as a Chapter 11 on December 7, 1988. The debtor filed a bare-bones petition and only listed the twenty largest unsecured creditors. Debtor filed amended schedules and a statement of affairs on March 8, 1989. On the amended schedules he listed SFT as a secured creditor holding a claim for $4,824,-397.17. On the same day he filed his amended schedule, Debtor filed a motion to convert the case to Chapter 7. The Court entered its order converting the case and sent notice that the § 341 meeting would be held on April 11, 1989. That same notice set a bar date for filing proofs of claim for 90 days after the § 341 meeting, which would be on or around July 11, 1989. SFT did not file, and still has not filed, a formal proof of claim. It is Sunset's position that SFT's activities resulted in a filing of an informal proof of claim.

### A. Converted Cases

■ Before determining whether SFT's activities were sufficient to determine whether it filed an informal proof of claim we must examine whether filing a proof of claim is required in a case that is converted from a Chapter 11 to a Chapter 7. The notice to creditors providing the bar date stated that "[p]ersons who filed claims in the Chapter 11 case *do not need to refile.*" SFT did not file a proof of claim in the Chapter 11 case or the Chapter 7 case. In cases that have considered similar matters, it was argued that because the creditor was listed as a creditor in the Chapter 11, it need not file a proof of claim in the Chapter 7 case. See, *Wolff v. Fesco Plastics Corp., Inc.,* 101 B.R. 545 (C.D.Ill.1989), *rev'd* 908 F.2d 240 (7th Cir.1990).[1] In that

---

1. The Seventh Circuit reversed this decision because the case was converted prior to the amendment to BR 1019(4). The Court ex-

plained that the amendment significantly changed the law and stated that the lower courts would have been correct if the amended rule

case, the court examined the wording of Bankruptcy Rule 1019(4) and found that only when the creditor *actually* filed a proof of claim in Chapter 11 cases is it unnecessary for that creditor to file a proof of claim in the Chapter 7. The court recognized that the Third Circuit, in *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3rd Cir.1986), held that a Chapter 11 creditor need not refile claims in a converted Chapter 7 proceeding and that any claim listed in the Chapter 11 proceeding which was not disputed, contingent, or unliquidated should be considered filed in the converted Chapter 7 proceeding. The seeming conflicting holdings of these two cases are reconciled by the 1987 amendment of Rule 1019(4). Prior to the amendment the rule read, "All claims filed in the superseded case shall be deemed filed in the Chapter 7 case." Currently, the rule reads, "All claims *actually* filed by a creditor in a superseded case shall be deemed filed in the Chapter 7 case." [emphasis added] The Committee Note for that rule indicates that the Third Circuit ruling was correct but that the amendment of 1019(4) would change that result. The Note states

> The Third Circuit properly construed paragraph (4) as applicable to claims deemed filed in the superseded Chapter 11 case.

> The amendment to paragraph (4) changes [Crouthamel] by providing that only claims that are actually filed in the chapter 11 case are treated as filed in the superseding chapter 7 case. When chapter 11 cases are converted to chapter 7 cases, difficulties in obtaining and verifying the debtors' records are common. It is unfair to the chapter 7 trustee and creditors to require that they be bound by schedules which may not be subject to verification.

Stocks filed his petition subsequent to the amendment of Rule 1019(4). Accordingly, we find the Committee Notes persuasive and hold that a creditor must file a proof of claim in a converted Chapter 7 case before the claim may be considered by the court.

were at issue. *Supra,* 908 F.2d at 243. But for the timing of the decision, we agree with and

### B. Informal Proof of Claim

We now must determine whether SFT filed an informal proof of claim in the Chapter 7 case. Sunset alleges that SFT did file such a claim when it alleged that it was a creditor of Stocks. SFT asserts that it has "done nothing but attempt to: (a) defend its own assets from attack by the bankruptcy estate; (b) oppose the Trustee's efforts to unreasonably compromise the assets of the bankruptcy estate."

To constitute an informal proof of claim, the document must apprise the court of the existence, nature, and amount of the claim. It must evidence an intent on the part of the claimant to hold the debtor liable for that claim. *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir.1985), *citing, Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584, 590 (9th Cir.1963) and *In re International Horizons, Inc.*, 751 F.2d 1213, 1218 (11th Cir.1985). Finally, the document, in order to be considered an informal proof of claim, must be directed to the proper party prior to the claim bar date. *In re Honda,* 106 B.R. 204, 206 (Bkrtcy.D.Haw.1989). Mere notice of a claim alone is not to be called an informal proof of claim. *International Horizons, supra,* at 1217.

Based on these decisions, it is clear that we need to examine only the activities of SFT in the administrative case prior to July 11, 1989, the claims bar date. Within that time period SFT objected to a B.R. 2004 exam being taken of its present and past trustees; it moved for relief from the automatic stay so that it may pursue an action against Sunset Beach Ltd., but not the debtor; it moved to quash a request for production of documents; and it moved for a protective order to clarify the documents that must be provided to the Chapter 7 trustee.

None of these documents apprised the court of the existence, nature and amount of the claim. They also did not make clear that SFT intended to hold the debtor liable for the claim. Therefore, it cannot be

follow the reasoning of the district and the appellate courts in *Wolff.*

found that SFT filed an informal proof of claim.

### C. Amendment to Proof of Claim

█ Sunset's assertion that SFT filed an informal proof of claim based on its later action may have been an argument, although not explicit, that SFT's later action amended its prior informal proof of claim. It is well settled that an amendment to a claim is allowable where the purpose it to cure a defect in the claim as originally filed, to describe the claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *International Horizons,* supra, at 1216. Additionally, before a claim may be amended, there must be something filed in the bankruptcy court capable of being amended. *South Atlantic Financial Corp.,* supra, at 819. Whereas, SFT did not file anything in the file that was capable of being amended, SFT's later assertions cannot be considered amendments to an earlier filed informal proof of claim. Accordingly, SFT did not file an informal proof of claim and did not subject itself to the equitable jurisdiction of the bankruptcy court.

Further, because SFT did not file a proof of claim, neither formally nor informally, it is precluded, pursuant to B.R. 3002 and Code § 726, from participating in a distribution from this estate on account of any claim it may have.

### FRAUDULENT TRANSFER

█ Since it did not file a proof of claim, SFT is entitled to a jury trial on all issues triable by jury as a matter of right. SFT claims that the purpose of this action is to take SFT's property. Such action, according to SFT, is an action at law, thus entitling it to a jury trial. SFT cites to *Granfinanciera,* and argues that that decision grants a person, who had not submitted a claim, the right to a jury trial in actions to recover property "fraudulently conveyed." In opposition, Sunset asserts that the failure to file a proof of claim, alone, does not give SFT the right to a jury trial in a fraudulent conveyance action. Sunset contends that if an action is to recover an intangible, the action is one at equity and does not entitle a party to a jury trial. Therefore, SFT is not entitled to a jury trial.

The issue as framed by the Supreme Court, in *Granfinanciera,* was whether a person who has not submitted a claim against a bankruptcy estate was entitled to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent *monetary transfer.* To determine whether one is entitled to a jury trial, the Court employed two factors. First, it compared the statutory action to 18th–century actions brought in the courts of England prior to the merger of law and equity. Second, and more importantly, it examined the remedy sought and determined whether it was legal or equitable in nature. *Granfinanciera,* supra, at 492 U.S. at 42, 109 S.Ct. at 2790, 106 L.Ed.2d at 41. The Court held that in an action to recover an allegedly fraudulent monetary transfer, the right to a jury trial is guaranteed by the Seventh Amendment of the United States Constitution.

The opinion in *Granfinanciera* is abundantly clear that the Court focused on the fact that the remedy sought the recovery of money. Throughout the opinion, the Court referred to cases involving fraudulent transfers of money or to actions to recover monetary damages. In such actions a complete remedy is available at law. The Court could have simply viewed the action as being one to recover a fraudulent transfer and stated that all fraudulent transfer actions are actions at law, thus entitling the defendant to trial by jury regardless of the nature of the property transferred. If it had made that determination we would be compelled to find SFT is entitled to a jury trial in this case. Instead, the Court made a limited determination and only held that a party is entitled to a jury trial in an action to recover a fraudulent *monetary* transfer.

In *Granfinanciera,* the respondent argued that in similar cases courts of equity had concurrent jurisdiction with courts of law over fraudulent preference actions. The Court responded that although courts of equity sometimes provided relief in

fraudulent preference actions an "action for *monetary* relief would not have sounded in equity two hundred years ago in England." The Court made it clear that in *actions to recover money the action is one at law.* Throughout the opinion, the Court recognizes that fraudulent conveyance actions could have been brought in equity, but not in cases when the party did not seek distinctively equitable remedies. *Supra,* 492 U.S. at 43, 109 S.Ct. at 2791, 106 L.Ed.2d at 42. When a party "sought the recovery of a fixed sum of money *without* the need for an accounting or other equitable relief" a court of equity was without jurisdiction. *Supra,* 492 U.S. at 45, 109 S.Ct. at 2792, 106 L.Ed.2d at 43 (emphasis added). The Court impliedly recognizes that where an action is brought seeking monetary relief in addition to equitable relief the action may have been brought in equity. Consequently, it could be found that in an action to recover a fraudulent conveyance, where the relief sought is equitable in nature and does not ask for any monetary relief, a court of equity could adjudicate the matter without a jury. Therefore, a party in such an action would not be entitled to jury trial.

 When determining whether a jury trial is appropriate, the court should look at the remedy being sought and determine whether it is a remedy available at law or at equity. If it is determined that the action is one at law then SFT is entitled to a jury trial. Actions recognized as those with legal remedies often involve the return of money or the return of property or, in the alternative, money damages. In an action to recover a chattel, if the chattel is not returned the value may be determined and the court may enter an award for damages. However, in actions to recover property where a value cannot be determined or in cases where the plaintiff seeks an equitable remedy, rather than money damages, the action is one at equity.

In SFT's supplemental memorandum of law, it asserts that an action in trover was the common law vehicle for recovering a fraudulent conveyance. SFT states that a cause of action in "trover" eventually came to be known as "conversion" or "trover and conversion." SFT goes on to cite many cases where conversion actions involved intangibles. Following SFT's reasoning, since intangibles can be the subject of conversion actions and conversion actions derived from trover actions, which were actions at law, then an action to recover an intangible is an action at law. However, SFT fails to distinguish between actions to recover money or money damages and actions for equitable remedies. In every case SFT cites the parties are seeking monetary damages or the return of money. The Supreme Court, in *Granfinanciera,* made it clear that courts of equity would not have adjudicated cases where the the action was to recover money or monetary damages. Through our research, we were unable to find any case allowing a jury trial other than where money damages were being sought.

The action in this case is not an action to recover a fraudulent monetary conveyance. Sunset prays for this court to enter an order determining that the 40% interest in Sunset was the property of Stocks on the date of the filing of the petition and, therefore, is property of the bankruptcy estate free and clear of any interest of SFT. Additionally, Sunset asks this court to set aside and declare null and void the transfer, by Stocks to SFT, of Stocks' interest in Sunset. Sunset seeks an equitable remedy, therefore, SFT is not entitled to a jury trial. Accordingly, it is

ORDERED AND ADJUDGED that Sunset Beach, Ltd.'s motion to strike SFT's request for a jury trial is granted.

DONE AND ORDERED.