In re CLAMP–ALL CORPORATION,
Debtor.

Clamp–All Corporation, Appellant,

v.

Anthony J. Foresta and Caliber
Consulting Corporation,
Appellees.

BAP No. MW–98–043.

United States Bankruptcy Appellate Panel
of the First Circuit.

June 22, 1999.

**138**

Steven A. Kressler, Kressler & Kressler, P.C., Worcester, MA, for Clamp–All Corp., debtor-appellant.

Craig J. Ziady, Riemer & Braunstein, Boston, MA, Charles R. Bennett, Jr., Riemer & Braunstein, Boston, MA, for Anthony J. Foresta, and Caliber Consulting Corp., creditor-appellees.

U.S. Trustee, United States Trustee's Office, Worcester, MA, for U.S. Trustee, United States Trustee's Office, trustee-appellee.

Before LAMOUTTE, DE JESÙS, and HAINES, Bankruptcy Judges.

LAMOUTTE, Bankruptcy Judge.

The issue on appeal is whether the bankruptcy court erred in allowing appellees/creditors Foresta and Caliber Consulting to amend Foresta's estimated proof of claim in accordance with a state court verdict which bifurcated the claim between Foresta and Caliber. Appellant/debtor Clamp–All argues that Caliber failed to timely file a proof of claim despite being notified of the bar date, that Caliber's claim is distinct from Foresta's in that they are based upon different agreements, and that there has been no showing of "excusable neglect" by Caliber to warrant allowing the filing of an untimely proof of claim. Foresta and Caliber argue that the debtor has always been aware of the existence, nature and amount of their claims, and that the bankruptcy court did not abuse its discretion in allowing the amendment.

*Jurisdiction and Standard of Review*

The Bankruptcy Appellate Panel has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. We review the Bankruptcy Court's application of the law *de novo* and its findings of fact under a clearly erroneous standard. *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995); *In re SPM Mfg. Corp.,* 984 F.2d 1305, 1311 (1st Cir. 1993). Decisions granting leave to amend proofs of claim may be overturned on appeal only for abuse of discretion. *In re Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997); *In re Hemingway Transport, Inc.,* 954 F.2d 1, 10 (1st Cir. 1992).

*Background*

Anthony Foresta is the sole shareholder and director of Caliber Consulting Corporation. From 1981 through June 16, 1991, Foresta served as president and marketing director of debtor Clamp–All Corporation. After retiring in 1991, Foresta was retained by Clamp–All as an independent contractor to provide marketing, promotion and consulting assistance to Clamp–All. Clamp–All requested that Foresta create a separate company, which he would solely own and operate, and incorporate the same. Foresta thus Founded Caliber and became its president and sole stockholder.

Clamp–All and Caliber entered into a Marketing Support Agreement on February 4, 1991. As Caliber's sole employee, Foresta was the only person who rendered consulting services to Clamp–All. Clamp–All and Caliber entered into an addendum to their consulting contract on April 19, 1991; said addendum indicates that it will become effective upon confirmation of Clamp–All's third amended plan of reorganization. The parties also entered into an insurance agreement on that same date, and an addendum thereto in September, 1991.

On December 17, 1993, Clamp–All filed a complaint against Foresta in Massachu-

setts Superior Court (Essex County), civil action no. 93–2919–C, for breaches of the 1991 contract. Foresta filed two counterclaims and subsequently amended his claims. Foresta then filed a motion to dismiss the complaint and for summary judgment on his counterclaims. A hearing was held on September 17, 1996, and the state court entered a judgment of liability for Foresta. Clamp–All argues that the partial judgment was entered because its attorney failed to appear, so the complaint was dismissed with prejudice for lack of prosecution and default judgment was entered on the counterclaims. Foresta argues that the judgment was entered because the state court found a prolonged pattern of abuse, obstruction and delay, and because of Clamp–All's blatant disregard of numerous court orders. Clamp–All, claiming negligence on the part of its attorney, filed a motion for relief from judgment which the state court denied on February 21, 1997. Clamp–All's motion for reconsideration was denied on March 31, 1997, and its petition for interlocutory relief was denied on May 1, 1997. A hearing to assess damages was scheduled for June 23, 1997. On that same day Clamp–All filed a petition under chapter 11, resulting in a stay of all state court proceedings. The bar date for filing claims was set for October 7, 1997.

Clamp–All listed Foresta and Caliber as separate creditors in its schedules. Clamp–All notified the same law firm of the filing of the petition on behalf of these two creditors, but was informed that the firm only represented Foresta. Foresta filed a proof of claim on September 19, 1997, in the amount of $2,207,145.00, and also filed a motion for relief from stay to allow the damages hearing to proceed in state court. On September 26, 1997, Clamp–All filed an objection to Foresta's proof of claim, and also filed an opposition to the motion for relief from stay. The bankruptcy court held a hearing on October 21, 1997, and granted the motion for relief from stay. Clamp–All appealed the order granting the lift of stay, but the

Bankruptcy Appellate Panel dismissed the appeal upon Foresta's unopposed motion (BAP No. 97–087). The state court held a damages hearing in March, 1998, during which Clamp–All asserted, for the first time, that Caliber was a necessary party. The state court allowed Foresta's motion to amend and Caliber was added as a co-plaintiff. The jury awarded Foresta $15,-775.00 and Caliber $723,906.00, plus costs and attorneys' fees.

On May 11, 1998, Foresta filed a motion to amend its previously-filed estimated proof of claim in accordance with the state court judgment. The amended proof separately identified Caliber as a claimant. Clamp–All objected because (1) Caliber had never filed a proof of claim and thus had nothing to amend; (2) there was no showing of excusable neglect to allow Caliber to file a late proof of claim; and (3) Caliber had never sought to obtain relief from the automatic stay to pursue the state court action.

The bankruptcy court held a hearing on June 2, 1998, and granted the motion to amend Foresta's proof of claim. The court held, in part:

> I feel compelled to allow the amendment. It is true that the claim should have been filed on behalf of Caliber as a matter of—as a protective measure against the claim that the debtor was making, that, in fact, the liability should be bifurcated.

> But the argument between the debtor and Mr. Foresta was whether or not the claim should be bifurcated. When that argument was made the debtor was clearly on notice of the total claim. The debtor was simply arguing that it should be bifurcated rather than kept as a whole in Mr. Foresta's name, and so the debtor had adequate notice of the existence in (sic) the nature of the claim, that the debtor had adequate notice of the amount, and the debtor had adequate notice of the intent to hold the estate liable with respect to the agree-

ment and the transaction which was the subject of Mr. Foresta's claim.

The only argument between the parties, not with respect to whether the claim was meritorious but as to—on the question of who held the claim, is whether the claim was held by Mr. Foresta alone, or whether it was bifurcated between Mr. Foresta and Caliber. In fact, this amendment is a substitution of the parties, and I cannot find any prejudice that has occurred to the debtor by virtue of substituting Caliber now for some portion of the claim since the debtor had notice of the total claim for some period of time; and although it is not early in the case in terms of its chronological age, it is early in the case in light of what has already occurred. I—there is no basis for me to find that the debtor has been prejudiced by the claim being amended in this way.

Appendix at p. A18–19.

Clamp–All argues that the bankruptcy court erred in deciding Foresta's motion to amend proof of claim under the standards for amending proofs of claim instead of the "excusable neglect" standard for filing untimely proofs of claim because Caliber had never filed a proof of claim in its own right. In the alternative, Clamp–All argues that if the panel concludes that the bankruptcy court was correct in deciding Foresta's motion under the standard for amending proofs of claim, that the bankruptcy court still erred because the proposed amendment is not reasonably related to a timely filed claim, and the allowance of the amendment is inequitable.

Foresta and Caliber argue that the bankruptcy court did not abuse its discretion in allowing the amendment of the estimated proof of claim because amendments are to be freely allowed so long as the initial claim provided adequate notice of the existence, nature and amount of the claim and the intent to hold the estate liable. They argue that Clamp–All was well aware of the basis of the claim, that is, the state court action which it had com-

menced and had been litigating for several years. Further, they argue that the amendment does not prejudice any other unsecured creditors because the amended claim is 50% less than the estimated claim, and merely apportions Clamp–All's liability differently. Foresta and Caliber also argue that Clamp–All is estopped from adopting inconsistent positions on the same issue in successive litigations and is playing "fast and loose" with the courts. Finally, Foresta and Caliber note that Clamp–All failed to comply with Bankruptcy Rule 8009 with respect to the compilation and filing of an appendix to its brief, and ask for an order compelling reimbursement of $106.50.

### Discussion

Neither the Bankruptcy Code nor Rules address amendment of proofs of claim. 9 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 3001.04[1] (15th ed. rev. 1999). Prior to the bar date, amendment of a filed proof of claim is permissible. *Id.* at 3001–8. Post-bar date amendments should be scrutinized to ensure that the amendment is not making a new claim against the estate. *Id.* at 3001–9, citing *In re International Horizons,* 751 F.2d 1213, 1216 (11th Cir.1985). Leave to amend a claim should be "freely given when justice so requires." *Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997), citing Fed.R.Bankr.P. 7015.

The "nexus" test, as applied to amendment of proofs of claim, requires that amendment of a claim be freely allowed where its purpose is to cure a defect, provide a more particular description of the claim, or plead a new theory of recovery based upon facts stated in the original claim. *International Horizons,* 751 F.2d at 1216. *See* Collier ¶ 3001–8. *International Horizons* noted that the traditional view on amendment of claims is that "amendment is permitted only where the original claim provided notice to the court of the existence, nature and amount of the claim and that it was the creditors'

intent to hold the estate liable." *Id.* at 1217. The Eleventh Circuit also noted the bankruptcy court's evaluation of the equitable considerations set forth in *In re Miss Glamour Coat Co.,* 1980 WL 1668 (S.D.N.Y. 1980)[1], finding no abuse of discretion in the bankruptcy court's consideration of the creditor's position within the reorganization proceeding.

*Gens v. Resolution Trust Corp.,* 112 F.3d 569, 575 (1st Cir.1997), involved an objection by the debtor to an original and amended proof of claim filed by an agent of the Resolution Trust Corp. (RTC) which incorrectly identified the creditor, mischaracterized the claim and misidentified the date of the original objection. Similar to the case before the panel, the debtor in *Gens* argued that the court erred in allowing RTC to amend its original proof of claim because, since RTC failed to file a proof of claim in its own name prior to the bar date, there was no timely proof of claim to be amended. The First Circuit stated that a bankruptcy court's decision to allow amendment of a proof of claim is reviewed for abuse of discretion under three criteria:

> First, the proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim. Second, the amendment must not result in unfair prejudice to other holders of unsecured claims against the estate. Third, the need to amend must not be the product of bad faith or dilatory tactics on the part of the claimant.

*Id.* at 575, *citing Woburn Associates v. Kahn (In re Hemingway Transport, Inc.),* 954 F.2d 1 (1st Cir.1992). The court noted that in order to "fairly alert" the debtor "a POC need only 'provide[ ] adequate notice of the existence, nature and amount of the claim as well as the creditor's intent to hold the estate liable.'" *Id.* at 575 (citation omitted). The court found that the original proof of claim met this general notice requirement, noting that "a simple substitution of the real party in interest ... for a related party mistakingly listed in the original POC ... represents a proper ground for amendment." *Id.* at 575. The court also rejected debtors' claim of prejudice to the unsecured creditors, noting "something more than mere creditor disappointment is required to preclude amendment." *Id.*

■ We agree with the bankruptcy judge that while it would have been preferable, as a protective measure, for Caliber to have filed a proof of claim apart from Foresta, the real issue between the parties is whether the claim should be bifurcated. That issue is one which was not decided until the state court entered its judgment, after the original proof of claim had been filed. Thus, it was correct to view this as an amendment of a claim, in view of the state court's bifurcation of the claim, rather than as a filing of a late proof of claim.

■ Clamp–All argues that the court below did not properly consider three critical factors in determining whether allowing amendment of the claim would be equitable: whether the amendment would result in unfair prejudice to other unsecured claimants; whether the amendment would result in unfair prejudice to the opposing party, and whether there is some justification for the movant's failure to file a proper claim within the time limits. *In re McLean Industries, Inc.,* 121 B.R. 704, 708 (Bkrtcy.S.D.N.Y. 1990); *In re Black & Geddes, Inc.,* 58 B.R. 547, 553 (S.D.N.Y. 1983). However, there is no evidence on the record of any prejudice to either the debtor or its unsecured creditors as a result of the allowance of the amended proof of claim. Clamp–All has known all along of the nature of the Foresta/Caliber claim(s) and, in fact, the amended claim is substantially less than the estimated claim was as filed. The bankruptcy court properly considered the issue of prejudice and ruled accordingly.

1. 80–2 U.S.T.C. ¶ 9737, 1980 WL 1668 (S.D.N.Y. Oct. 8, 1980).

### Conclusion

The bankruptcy court's allowance of creditor's amended proof of claim is affirmed. Furthermore, the appellees' request for an order compelling reimbursement of $106.50 incurred in the compiling of the appendix pursuant to Bankruptcy Rule 8009[2] is granted.

SO ORDERED.

**2.** Fed.R.Bankr.P. 8009 provides "the appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:

(1) The complaint and answer or other equivalent pleadings;

(2) Any pretrial order;

(3) The judgment, order, or decree from which the appeal is taken;

(4) Any other orders relevant to the appeal;

(5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;

(6) Any motion and response on which the court rendered decision;

(7) The notice of appeal;

(8) The relevant entries in the bankruptcy docket; and

(9) The transcript of portion thereof, if so required by a rule of the bankruptcy appellate panel."

Appellant's appendix, attached as part of their brief, does not comply with subsections (1) and (6), as it does not include the motions appealed from, nor does it comply with subsections (7) and (8).