**In re Walter J. JENSEN and Sharon Jensen d/b/a S & W Construction, Debtors.**

**Walter J. JENSEN and Sharon Jensen d/b/a S & W Construction and Steven Notinger, Trustee, Movants,**

v.

**UNITED STATES of America, Respondent.**

**Bankruptcy No. 94–11963–MWV. Obj. to Claim No. 26.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 21, 1996.

---

Frank P. Spinella Jr., Hall, Morse, Anderson, Miller & Spinella, Concord, NH, Marc W. McDonald, Normand & Shaughnessy, PA, Manchester, NH, for debtor/trustee.

Geraldine B. Karonis, Assistant U.S. Trustee, Manchester, NH, for the United States.

David L. Broderick, U.S. Attorney's Office, Concord, NH, for IRS.

Anthony C. Marts, Wiggin & Nourie, Manchester, NH, for trustee.

Steven Notinger, Trustee, Donchess & Notinger, Nashua, NH.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

Walter and Sharon Jensen d/b/a S & W Construction ("Debtors"), filed an objection in this case to the proof of claim filed by the Internal Revenue Service ("IRS"). Upon conversion of their Chapter 11 case to Chapter 7, the Chapter 7 trustee advised the Court that he intended to prosecute the matter. The parties object to the IRS's proof of claim in the amount of $149,665.50. The IRS's proof of claim has been amended to $159,405.39 since trial of this matter on November 6, 1995.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### Facts

The Debtors first filed Chapter 11 bankruptcy on March 5, 1990. (Bk. No. 90–10310–YAC.) During the course of that case, the Debtors filed a motion to determine the amount of the IRS's claim. (Ct.Doc. No. 152.) The IRS had filed a proof of claim in the amount of $85,502.08. (Agreed Statement of Facts ("Facts") ¶ 1.) On February

8, 1991, the Court disallowed, in part, the proof of claim filed by the IRS and found that the IRS had a claim in the amount of $33,546.32. (Ct.Doc. No. 165; Facts ¶ 4.)

Under the Debtors' confirmed plan of reorganization, the Debtors were to make five annual payments of $6,709.26 by November 29th of each year from 1991 through 1995, in order to satisfy the IRS's claim. (Facts ¶ 5.) The Debtors made payments of $6,709.26 on September 24, 1991, and $6,709.26 on May 14, 1992. (Facts ¶ 7.) As the result of an IRS levy, the Debtors were also credited with a payment of $24,870.24 on August 1, 1994, which went toward their total tax liability existing at that time. (Facts ¶ 7.)

Shortly after the IRS levy, on August 16, 1994, the Debtors filed their second Chapter 11 case. (Bk. No. 94–11963–MWV.) This case was filed before the 1994 and 1995 payments under the Debtors' confirmed plan were due. The IRS filed a proof of claim in the Debtors' second bankruptcy case in the amount of $149,665.50. (Proof of Claim No. 26.) This proof of claim includes the balance of what remains unpaid of the $85,502.08 first proof of claim, certain penalties and interest associated with this unpaid balance, and taxes which have accrued since March 5, 1990, the date the Debtors first filed bankruptcy. (Facts ¶ 9.) The parties agree that $22,-065.80 in interest and $2,244.63 in penalties and additions to tax have accrued against the unpaid balance of the $85,502.08 proof of claim between February 8, 1991, the date of the Court's ordering disallowing, in part, the IRS's claim, and August 16, 1994, the date of the Debtors' second petition. (Facts ¶ 10.)

During the course of the Debtors' second bankruptcy it came to light that the IRS never received notice, in accordance with Bankruptcy Rule 7004, of the Debtors' objection to the IRS's proof of claim in the first bankruptcy, and only received actual notice of the Court's February 8, 1991, order disallowing its claim, in part, on June 30, 1992, after requesting a copy from the Debtors' prior counsel. (Facts ¶¶ 3 and 6.) As a result, on June 28, 1995, the Court vacated its February 8, 1991, order. (Ct.Doc. No. 163.) The Court gave the Debtors the opportunity to reassert their objection to the IRS's claim filed in the first bankruptcy, but the Debtors chose not to do so. The parties agree that $8,544.29 in interest and $1,074.62 in penalties and additions to tax have accrued on the unpaid balance of the IRS's proof of claim between June 30, 1992, and August 16, 1994. (Facts ¶ 11.)

On July 7, 1995, shortly after the Court vacated its February order, the Debtors' second bankruptcy case was converted to Chapter 7. On November 6, 1995, the objection to the IRS's claim was tried in this Court.

### Discussion

In their objection, the Debtors outlined several grounds for objecting to the proof of claim filed by the IRS. The Debtors:

1) disputed certain penalties and interest including those related to income taxes allegedly assessed on May 25, 1987;

2) generally objected to the penalties and interest assessed;

3) alleged that the IRS has not given proper credit for payments made during their first Chapter 11 case;

4) alleged that the IRS has collected several thousand dollars in receivables which have not been property accounted for despite their requests; and

5) alleged that the IRS continues to collect certain receivables despite the bankruptcy filing.

At the trial, however, the Debtors limited their evidence and argument to a general objection to the interest and penalties which accrued since the February 8, 1991, order on the $85,000 claim. The Debtors no longer contest the amount of tax liability or the computational accuracy of the tax, penalties and interest asserted in the IRS's proof of claim.

The issue before the Court, then, is whether the prepetition claim of the IRS for penalties and interest which accrued from February 8, 1991, to August 16, 1994, on the tax liabilities remaining from the IRS's proof of claim in the first bankruptcy should be allowed. A properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of a claim. Fed. R.Bankr.P. 3001(f). In this case, the Debt-

ors concede that the IRS's proof of claim accurately states the outstanding liabilities for tax, interest, and penalties. (Facts ¶ 12.) The Debtors urge the Court to reduce or eliminate the amount of $2,244.63 in penalties and additions to tax and $22,065.80 in interest on the grounds that there was "reasonable cause" for nonpayment and that the Debtors acted in "good faith" in relying on the February 8, 1991 order. Alternatively, the Debtors argue that the IRS should be equitably estopped from collecting penalties and additions to tax in the amount of $1,074.62 and interest in the amount of $8,544.29 which accrued from June 30, 1992, the date the IRS received actual notice of the Court's February order, to August 16, 1994, the date of the second petition. The IRS, on the other hand, argues that no statutory exceptions exist for the elimination of the prepetition interest and penalties and the equitable power of the Court cannot be used to eliminate them.

■ The Debtors suggest that the Court use 26 U.S.C. § 6664(c)(1) by analogy to eliminate the penalty portion of the claim. Section 6664(c)(1) provides that "[n]o penalty shall be imposed under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." [1] The IRS's regulations explain that the "[c]ircumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge and education of the taxpayer. . . . Reliance on an information return, professional advice or other facts . . . constitute reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith." 26 C.F.R. § 1.6664–4(b). Section 6651 of the Tax Code provides that additions to tax should not be imposed if the taxpayer's failure to pay the tax is "due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651.

In this case, the Debtors relied on the February 8, 1991, order disallowing the IRS's claim, in part, when they drafted their plan of reorganization which included payment of the IRS's claim in the amount of $33,546.32. While it is true that the Debtors did not properly serve the IRS with notice of their objection to its claim, the Debtors had no reason to believe after the order was entered that it would later be vacated. The Court finds that the Debtors acted reasonably and in good faith in relying on the Court's order especially given the IRS's regulation that reliance on "professional advice" constitutes reasonable cause and good faith. The Court also finds that the Debtors' failure to pay the full tax liability was due to reasonable cause and not due to willful neglect. Accordingly, using its powers under 11 U.S.C. §§ 105 and 505, the Court disallows the penalty and addition to tax portion of the IRS's claim in the amount of $2,244.63. This is the amount that accrued from the date of the February 8, 1991, order to the date of the August 16, 1994, bankruptcy filing.

■ The Debtors also argue that the IRS is estopped from collecting the prepetition interest portion of its claim. The traditional elements of equitable estoppel are:

1) the party to be estopped knows the facts;

2) the party intends that its conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended;

3) the party invoking estoppel must be ignorant of the true facts; and

4) the party must detrimentally rely on the former's conduct.

*United States v. Hemmen,* 51 F.3d 883, 892 (9th Cir.1995). When a party seeks to invoke equitable estoppel against the government, there must also be a showing that the agency engaged in "affirmative conduct going beyond mere negligence" and that "the public's interest will not suffer undue damage" as a result of the application of this doctrine. *Id.; see Office of Personnel Man-*

---

**1.** The penalties under "this part" are those imposed by 26 U.S.C. § 6662, a section dealing with accuracy related penalties.

*agement v. Richmond,* 496 U.S. 414, 421, 110 S.Ct. 2465, 2470, 110 L.Ed.2d 387 (1990) ("Our own opinions have continued to mention the possibility, in the course of rejecting estoppel arguments, that some type of 'affirmative misconduct' might give rise to estoppel against the Government.").

Applying this standard to the facts of this case, the Court finds that the IRS was aware on June 30, 1992, that the Bankruptcy Court had disallowed its claim in part. While the IRS failed to notify the Court or the Debtors at that time that it lacked of notice of the hearing on the Debtors' objection to its claim, the Court is unable to find that the IRS's silence is an affirmative act that would give rise to estoppel against the IRS. Accordingly, the interest portion of the claim is allowed.

As further support of its holding, the Court notes that the Debtors never reasserted their original objection to the IRS claim filed in the first bankruptcy. In addition, it is difficult to obtain a finding that the government is equitably estopped. According to the Supreme Court, the "Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed." *Richmond,* 496 U.S. at 422, 110 S.Ct. at 2470.

### Conclusion

The penalty and addition to tax portion of the IRS's claim in the amount of $2,244.63 is disallowed. The balance of the IRS's claim is allowed. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.