**In re Joseph Clyde MATTHEWS, Jr., et ux., Debtors.**

**No. 8:02–bk–2270–KRM.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 6, 2004.

Dennis J. LeVine, Dennis LeVine & Assoc., P.A., Tampa, FL, for AmeriCredit Financial Services, Inc., Creditor.

Christopher A. Tancredo, The Tancredo Law Firm PA, Plant City, FL, for Lori Dianne Matthews, Joseph Clyde Matthews, Debtors.

*MEMORANDUM OPINION ON MOTION BY AMERICREDIT FINANCIAL SERVICES, INC., FOR RECONSIDERATION OF ORDER ON SECURED CLAIM*

K. RODNEY MAY, Bankruptcy Judge.

THIS CASE came on for hearings on February 4 and April 7, 2004, on the motion by AmeriCredit Financial Services, Inc. ("AmeriCredit"), filed on December 4, 2003 (Document No. 32), for reconsideration of this Court's earlier order treating and allowing as "secured," a proof of claim that AmeriCredit filed more than a year after plan confirmation.

AmeriCredit had already filed a "secured" claim early in this Chapter 13 case. That claim was ultimately satisfied by the debtors' surrender of the collateral, a 1997 Plymouth Voyager. AmeriCredit asserts that its second proof of claim was for the unsecured deficiency remaining after its sale of the vehicle. AmeriCredit seeks (1) relief from this Court's order, entered on November 12, 2003, which treated the second claim as a duplicate "secured" claim and (2) allowance of the second claim as an unsecured claim for which it should be receiving payments under the debtors' confirmed plan.

The Court will deny the motion because AmeriCredit's second claim was filed after the bar date and it is not allowable as an amendment of the original, timely filed secured claim.[1] This contested matter revealed, however, that the confirmed Chapter 13 plan implicitly treated AmeriCredit's timely filed secured claim as being partially unsecured. To that extent, the Court will require that the plan be amended to expressly provide for a distribution on the amount recognized by the plan as being the unsecured portion of AmeriCredit's secured claim.

## BACKGROUND

The relevant facts are straightforward and undisputed. This Chapter 13 case

---

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

began on February 8, 2002. The claims bar date was June 17, 2002. AmeriCredit filed its first proof of claim (registered as Claim No. 7) on May 13, 2002. In its initial claim, AmeriCredit asserted that it was owed a total amount of "$11,511.90" and that the collateral, a motor vehicle, had a value of exactly the same amount.

AmeriCredit later filed a motion for relief from the automatic stay (Document No. 19), to which the debtors consented (Document No. 23), based on their willingness to surrender the vehicle. On September 17, 2002, this Court entered an order granting the creditor relief from the automatic stay (Document No. 26).

Surrender of the vehicle was also provided for in the debtors' plan, which was confirmed on September 17, 2002 (Document No. 25), the same day AmeriCredit was granted stay relief. The debtors previously had filed an objection (Document No. 18A) to AmeriCredit's secured claim, urging the Court to "strike" the claim because they "had surrendered" the vehicle; the objection was withdrawn after the plan was confirmed.

The plan, as confirmed, provided for payment of approximately 39% of unsecured creditors' claims over 36 months. As to AmeriCredit's secured proof of claim, the plan (Document No. 12) provided:

B. *Secured Claims*

(2) AmeriCredit . . . has a secured claim in Debtors' 1997 Plymouth Voyager in the amount of . . . *$10,000* . . . . The Debtors shall surrender this property to the secured creditor, AmeriCredit in full and complete satisfaction of it [sic] claim.

3. Any claims filed after June 17, 2002, will receive no distribution . . . . (emphasis added)

Notice of the confirmation hearing, with a copy of the debtors' plan, were mailed to AmeriCredit twice, on August 5, and August 26, 2002 (Document Nos. 18 and 24). AmeriCredit did not object to confirmation of the plan.

After the debtors' plan was confirmed, AmeriCredit sold the vehicle for substantially less than the debt. On October 20, 2003, more than a year after the confirmation order was entered, AmeriCredit filed its second proof of claim in the amount of $7,794.33 (registered as Claim No. 8), which it now seeks to have allowed as an amendment of its original secured claim.

## DISCUSSION

### A. *Preliminary Matters*

There are two preliminary matters raised by the parties. First, the Court is now satisfied that the Court incorrectly treated the claim at issue (Claim No. 8) as a duplicate secured claim in the November 12, 2003, order. Although there are ambiguities in the proof of claim which led to entry of that order,[2] the line for actually asserting a secured claim is blank. The box next to the term "amends" is marked, but it then references a "previously filed claim" dated "04/25/2002" [sic].[3]

The Court now finds that Claim No. 8 is an unsecured claim for the deficiency remaining after the creditor's disposition of the vehicle. The real issue, then, is whether AmeriCredit's second claim, taken as an unsecured claim, can be allowed at all, since it was filed after both the claims

---

2. In Section 5 of the claim form there is a notation of "motor vehicle" in the space for describing collateral for the claim.

3. There was no claim filed by AmeriCredit on that date.

filing deadline and confirmation of the plan.

Second, the Court has considered the argument by the debtors that their Chapter 13 plan, providing for surrender of the collateral in satisfaction of the "claim," bars AmeriCredit from any further claim in this case. The debtors cite the case of *In re Basham,* 167 B.R. 903 (Bankr.W.D.Mo.1994)(holding that a confirmed plan providing that certain collateral is surrendered in full satisfaction of the claim bars the creditor from later filing a deficiency claim). AmeriCredit counters with the argument that under the Eleventh Circuit's decision of *In re Bateman,* 331 F.3d 821 (11th Cir.2003), the original claim cannot be wiped out by a plan's "surrender in satisfaction" provision.

■ In this case, the Court does not have to apply or interpret *Bateman.*[4] The plan's "surrender in satisfaction" language is found only in the paragraph dealing with AmeriCredit's *secured* claim. The Court finds that under the plan only AmeriCredit's secured claim, not the entire debt, was satisfied by surrender of the collateral.

## B. *Late–Filed Claim*

■ Standing by itself, Claim No. 8 must be disallowed. Federal Rule of Bankruptcy Procedure 3002(c) requires that proofs of claim in a Chapter 13 case be filed not later than 90 days after the first day set for the meeting of creditors. The applicable Bankruptcy Rules do not permit allowance of a late-filed claim in a Chapter 13 case, even where the facts would otherwise support a finding of "excusable neglect." *See In re Stewart,* 247

B.R. 515, 520 (Bankr.M.D.Fla.2000); *In re Jones,* 154 B.R. 816, 818 (Bankr.M.D.Ga. 1993); *In re Euston,* 120 B.R. 228, 230 (Bankr.M.D.Fla.1990).

## C. *Amendment of Timely–Filed Claim*

■ AmeriCredit therefore urges the Court to treat its second claim as an amendment of its original secured claim. The Eleventh Circuit has established legal standards for claim amendments, which are to be freely allowed when the purpose is to cure a defect in the claim as originally filed, describe the claim with greater particularity, or plead a new theory of recovery on the facts set forth in the original claim. *In re Int'l Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985); *See In re Telephone Company of Central Florida,* 308 B.R. 579, 582 (Bankr.M.D.Fla.2004); *U.S. v. Norris Grain Co., et al. (In re Norris Grain Co.),* 131 B.R. 747, 749–750 (M.D.Fla.1990), *aff'd* 969 F.2d 1047 (11th Cir.1992); *In re Gilley,* 288 B.R. 901, 905 (Bankr.M.D.Fla.2002). A claim filed after the bar date, however, must be carefully scrutinized to assure that a new claim is not being filed under the guise of an amendment. *In re Int'l Horizons, Inc.,* 751 F.2d at 1216. *See In re Norris Grain,* 131 B.R. at 750; *Hillsborough Holdings Corp. v. U.S. (In re Hillsborough Holdings Corp.),* 1994 U.S. Dist. LEXIS 6472 (M.D.Fla.1994).

■ Ultimately, an amendment filed after the bar date is permitted only where the original claim provided notice to the court of the existence, nature, and amount of the claim and that it was the creditor's intent, expressed in the original claim, to

---

4. The Court notes, however, that *Bateman* is distinguishable. The secured claim in that case was a non-modifiable lien on the debtor's homestead, the debtors had not objected to the claim, and the plan offered to reduce the amount of the arrearage that had been asserted in the claim. The Eleventh Circuit held that the mortgage holder's arrearage survives the plan. *In re Bateman,* 331 F.3d at 831. This case does not involve those facts.

hold the estate liable for the claim later set forth in the amendment. *In re Int'l Horizons*, 751 F.2d at 1217; *See In re Marineland Ocean Resorts, Inc.*, 242 B.R. 748, 754 (Bankr.M.D.Fla.1999); *See also In re Nat'l Merchandise Co., Inc.*, 206 B.R. 993, 999 (Bankr.M.D.Fla.1997).

■ AmeriCredit's second claim does not cure any technical defect that relates back to its original secured claim. The later claim does not plead a new theory on the same facts, nor does it describe the earlier claim with greater particularity. AmeriCredit's original claim, asserting that it was fully secured, gave no indication that the estate would ever be charged with an unsecured claim.

Secured claims are of an entirely different nature than unsecured claims, notwithstanding that both types of claims may arise from the same transaction—in this case, a loan secured by collateral that is worth less than the debt. Therefore, the attempt to change the status of a claim from secured to unsecured is not considered an amendment, in the traditional sense, that is to be freely allowed. *See In re Nat'l Merchandise Co., Inc.*, 206 B.R. at 999 (changing status of claim from unsecured to secured is an attempt to file a new claim); *In re Jones*, 219 B.R. 631, 633–634 (Bankr.M.D.Fla.1998)(changing claim from priority to unsecured is not an amendment but a new claim); *In re Brown*, 159 B.R. 710, 714 (Bankr.D.N.J.1993)(ruling that a secured claim is materially different from an unsecured claim).

■ A creditor need not even file a secured claim in a Chapter 13 case. Instead it can look solely to the underlying collateral to satisfy its lien. *In re Bate-*

*man*, 331 F.3d 821, 827 (11th Cir.2003). Thus, in a Chapter 13 case, a claim filed as being fully secured accomplishes nothing more than if the secured creditor had filed no claim at all.[5] If the secured creditor wants to receive something more than its collateral value—a distribution on a deficiency under a confirmed plan—it must timely file either an unsecured proof of claim or a secured claim with a clear reservation of the right to file a deficiency claim. *Id.*

### D. Equitable Considerations

The Court has also considered five equitable factors utilized by other courts to allow late-filed claims as "amendments" of timely filed claims. *See In re Int'l Horizons*, 751 F.2d at 1216 (citing *In re Glamour Coat Co., Inc.*, 1980 WL 1668, 1980 U.S. Dist. LEXIS 14545, 80–2 U.S. Tax Cas. (CCH) P9737 (S.D.N.Y.1980)); *In re Marineland, Ocean Resorts, Inc.*, 242 B.R. at 755; *In re Jones*, 219 B.R. at 635. These include: (1) whether the debtor and creditors relied on the earlier proof of claim or had reason to know that a subsequent proof of claim would be filed; (2) whether other creditors would receive a windfall if the court refused to allow amendment; (3) whether claimant intentionally or negligently delayed in filing the amendment; (4) the justification for the failure to file for an extension to the bar date; and (5) whether other equitable considerations exist which compel amendment.

These equitable factors militate against allowance of AmeriCredit's late claim as an unsecured amendment. First, neither the debtor, the Chapter 13 trustee, nor any creditors had reason to know from AmeriCredit's original secured claim that a subsequent unsecured claim would ever be

---

5. A proof of secured claim may serve the purpose of asserting the amount of any pre-petition arrearage that the debtor may cure under the plan. Such a claim, however, would not entitle the creditor to receive payment with respect to an unsecured deficiency.

filed. There was no indication that the "secured" claim was unliquidated; nor was there any reservation of rights to assert an unsecured claim after the collateral value was determined. *Cf. In re Telephone Company of Central Florida*, 308 B.R. 579 (Bankr.M.D.Fla.2004) (allowing I.R.S. claim amendment 11 months after confirmation of debtor's Chapter 11 plan where the original I.R.S. claim was stamped "PENDING EXAMINATION" and the debtor was engaged in on-going review of its taxes until the amendment was filed).

The creditors in this case will not receive any windfall if the amendment is not allowed. Originally they were to receive a distribution of approximately 39%, which will not be altered if AmeriCredit's late-filed claim is disallowed.

There is no justification for AmeriCredit's delay in filing its deficiency claim. The Court is not persuaded that because AmeriCredit did not know the value of the collateral, it could remain silent for more than a year as to its deficiency claim. Even if AmeriCredit did not know the amount of the deficiency, it should have asserted, prior to plan confirmation, that a deficiency claim would be made. There is no justification for a delay over one year after confirmation to assert that claim.

AmeriCredit was active in this case. It filed a claim before the bar date and a motion for relief from stay prior to confirmation. The debtor's objection to AmeriCredit's original claim was pending at the time of plan confirmation. Accordingly, the creditor had an obligation to raise the issue of its potential deficiency claim on or before the confirmation hearing.

For a secured creditor to preserve its deficiency claim, it must file a proof of claim before the bar date. However, if the creditor has timely filed only a secured claim, the equitable considerations cited above will generally justify an amendment for the deficiency if made prior to the confirmation hearing.[6] The deficiency claim must be raised by then so that the Chapter 13 Trustee and other parties will be on notice and will be able to craft appropriate provisions in the plan to include the deficiency claim in the plan payment calculations.

**E. Implicit Treatment of Claim No. 7 As Partially Unsecured**

■ A confirmed Chapter 13 plan is binding on debtors as well as their creditors. *In re Bateman*, 331 F.3d at 829. Implicitly, the plan in this case provided for bifurcation of AmeriCredit's $11,511.90 secured claim: (1) a $10,000 secured claim, to be satisfied by surrender of the collateral, and (2) an unsecured claim for the amount exceeding the secured claim amount, $1,511.90.[7] Because of the structure and language of the plan, this amount was never included in the plan payment calculations.

This portion of AmeriCredit's claim was not included in the class of unsecured claims being paid under the plan. Accordingly, the Court will require that the plan be expressly amended to provide for the same 39% dividend on the unsecured portion of Claim No. 7, $1,511.90, in accordance with the bifurcation that is implicit in the plan.

**CONCLUSION**

■ To participate as an unsecured creditor for a deficiency, where the debtor

---

**6.** The local practice in this District is for plan confirmation to be scheduled after the claims bar date. *Cf. In re Bateman*, 331 F.3d at 827, requiring claims objections to be made prior to confirmation.

**7.** See 11 U.S.C. § 506(a).

may surrender the collateral after the bar date, the holder of a secured claim must either: (1) file an unliquidated unsecured claim prior to the bar date; (2) file a secured claim that includes a reservation of rights as to a future unsecured claim, to be filed on or before plan confirmation; or (3) file a secured claim and raise the issue of a deficiency by not later than the confirmation hearing. The secured creditor in this case did none of these things to put the estate and parties on notice, prior to plan confirmation, that it would ever assert an unsecured claim.

The Chapter 13 Trustee has made payments to unsecured creditors for more than a year based on computations that did not include AmeriCredit's deficiency claim. AmeriCredit's deficiency claim was filed late and does not effectively amend the earlier secured claim. The only relief to be accorded to AmeriCredit therefore is the enforcement of the plan provision that implicitly bifurcated its secured claim.

The Court will enter a separate order consistent with this opinion.