**In re Shelby W. WINTERS, Debtor.**

**No. 8:05–bk–5174–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 11, 2007.

Patrick R. Smith, PR Smith Law Group, PA, Tampa, FL, for Debtor.

**ORDER ON MOTION TO RECONSIDER ORDER DISALLOWING CLAIM NO. 10 FILED BY HYUNDAI MOTOR FINANCE CO.**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Recon-

sider Order Disallowing Claim No. 10 filed by Hyundai Motor Finance Co.

Claim Number 10 is an unsecured deficiency claim arising from the postconfirmation repossession and sale of the Debtor's vehicle. The issue is whether the deficiency claim should be disallowed as untimely, if it was filed for the purpose of amending a timely claim seeking payment under the parties' installment contract.

## Background

The Debtor, Shelby W. Winters, filed a petition under Chapter 13 of the Bankruptcy Code on March 22, 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

On her Schedule of Assets, the Debtor listed her interest in a 2003 Hyundai Elantra. On her Schedule of Liabilities, the Debtor listed Hyundai Motor Finance Co. (Hyundai) as a secured creditor holding a purchase money security interest in the Elantra.

On March 22, 2005, the Debtor filed her Chapter 13 Plan. (Doc. 3). The Plan provided that Hyundai would retain its lien and be paid in accordance with its contract "outside" the Plan, and that any prepetition arrearage would be cured "through" the Plan. In other words, Debtor would make the regularly due postpetition payments directly to the secured creditor in accordance with the contract, and the prepetition arrearage would be cured by payments made by the Debtor to the Chapter 13 Trustee that would be distributed by the Chapter 13 Trustee to creditors as provided by the Plan.

On March 24, 2005, the Court issued its Notice of Chapter 13 Bankruptcy Case. (Doc. 4). According to the Notice, July 25, 2005, was fixed as the deadline for creditors to file their Proofs of Claim.

On April 12, 2005, Hyundai timely filed its original Proof of Claim. The Claim, which was assigned Claim Number 3, included both secured and unsecured components. Specifically, the Claim included a secured component in the amount of $12,234.43, and an unsecured component in the amount of $1.00. The Claim also stated that an arrearage in the amount of $39.94 existed as of the petition date. Finally, the Claim stated that "Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event creditor's collateral is liquidated."

On November 4, 2005, the Court entered an Order Confirming the Debtor's Chapter 13 Plan.

On November 18, 2005, the Court entered an Order Allowing and Disallowing Claims and Ordering Disbursements. (Doc. 23). According to the Order, Hyundai was categorized as holding an allowed claim that would receive distribution from the Trustee to the extent of the arrearage dealt with under the Plan. Accordingly, Hyundai was scheduled to receive distribution from the Trustee on its claim for prepetition arrearages in the amount of $39.94.

On February 27, 2006, almost four months after the entry of the Order Confirming Plan, Hyundai filed a Motion for Relief from the Automatic Stay, and alleged that the Debtor had not made all of the postpetition payments to Hyundai in accordance with the parties' contract. (Doc. 27).

On March 29, 2006, the Court entered an Order Granting Hyundai's Motion for Relief from Stay. (Doc. 32). Pursuant to the Order, Hyundai was permitted to take possession of the Elantra and to enforce its security interest in the vehicle.

On May 5, 2006, Hyundai filed an Amended Proof of Claim. The Amended

Claim, which was assigned Claim Number 10, was filed as an unsecured nonpriority claim in the amount of $6,072.63. According to the documentation attached to the Claim, the Elantra had been repossessed as permitted by the Order modifying the stay, and sold on April 6, 2006, for the sum of $6,000.00. Consequently, the amount set forth in the Amended Claim ($6,072.63) represented the deficiency balance owed to Hyundai after the sale.

On May 7, 2007, the Court entered an Order Disallowing Amended Claim Number 10. (Doc. 47). Specifically, the Amended Claim was disallowed as untimely, since it was filed after the deadline for filing claims in this case.

Hyundai subsequently filed a Motion to Reconsider the Order Disallowing Claim Number 10. (Doc. 50). In the Motion, Hyundai asserts that Claim Number 10 was not untimely, since it expressly amended a timely-filed claim. Additionally, Hyundai contends that the Debtor should have known that a deficiency claim could arise in the case, and that Hyundai is "entitled to have its amended deficiency claim allowed and to receive distribution along with other general unsecured creditors."

### Discussion

Rule 3002 of the Federal Rules of Bankruptcy Procedure provides in part:

**Rule 3002. Filing Proof of Claim or Interest**

(a) **NECESSITY FOR FILING.** An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

. . .

(c) **TIME FOR FILING.** In a chapter 7 liquidation, chapter 12 family farm-er's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed *not later than 90 days after the first date set for the meeting of creditors* called under § 341 of the Code, . . . .

F.R.Bankr.P. 3002(a), (c)(Emphasis supplied). The Rule lists certain exceptions to the deadline that are not relevant to the case at issue. F.R.Bankr.P. 3002(c).

Rule 3002(c), together with Rule 9006(b)(3) and § 502(b)(9) of the Bankruptcy Code, generally prohibit the filing of late claims in chapter 13 cases, except under the specific circumstances listed in the Rule. The provisions reflect "Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases." *In re Jensen,* 333 B.R. 906, 908–09 (Bankr. M.D.Fla.2005). "Indeed, the bar date for proofs of claim implemented by Section 502 and Rule 3002(c) is characterized as a strict statute of limitations." *In re Brooks,* 370 B.R. 194, 196–97 (Bankr. C.D.Ill.2007).

Under limited circumstances, however, a claim filed after the bar date may be allowed if it amends a timely-filed proof of claim. According to the Eleventh Circuit Court of Appeals, an amended claim should be "freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." An untimely claim should not be allowed, however, if it represents only an "attempt to file a new claim under the guise of amendment." *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985)(quoted in *In re Gilley,* 288 B.R. 901, 903 (Bankr.M.D.Fla. 2002)).

In this case, Hyundai's Claim Number 10 expressly states that it was filed to

amend Hyundai's prior Claim Number 3. Both claims state that the claim is based on money loaned for a motor vehicle, and refer to the same vehicle identification number and contract date. Claim Number 3, however, was filed primarily as a secured claim for the amount due under the contract, and Claim Number 10 was filed as an unsecured claim for the deficiency balance owed to Hyundai following its repossession of the vehicle.

Claim Number 10 was filed after the bar date for filing proofs of claim established by Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

The Court recently addressed virtually the same factual situation in *In re Hibble*, 371 B.R. 730, 2007 WL 2067946 (Bankr. E.D.Pa.2007). In *Hibble*, the debt at issue in the Chapter 13 case was a car loan, and the creditor filed a timely, secured claim for the amount due under the loan. After confirmation of the debtor's plan, the creditor obtained relief from the stay, recovered the car, sold it at a loss, and attempted "to amend its secured claim to assert an unsecured claim equal to that shortfall." *In re Hibble*, 371 B.R. 730, 731–32.

The Court determined that the amended claim did not relate back to the original claim, and disallowed the amended claim as untimely.

> Amendments to timely proofs of claim are liberally allowed and may relate back to the initial filing if filed after the bar date, but will not be permitted if they actually constitute new claims. *In re Metro Transportation Co.*, 117 B.R. 143, 147 (Bankr.E.D.Pa.1990). *If the initial proof did not "give fair notice of the conduct, transaction or occurrence that forms the basis of the claim asserted in the amendment" then the amendment asserts new claims and will not be allowed. Id.*

*In re Hibble*, at 737(Emphasis supplied). Since the creditor in *Hibble* initially filed only a secured claim, and since the creditor had not reserved the right to seek a deficiency if circumstances later changed, the Court concluded that the amended claim asserted a "new" claim and was therefore untimely. *Id.* at 737.

A similar fact pattern previously had been evaluated in *In re McBride*, 337 B.R. 451 (Bankr.N.D.N.Y.2006). In *McBride*, the Court was concerned with the interests of both the debtor and the creditor "where collateral is either voluntarily or involuntarily 'surrendered' postconfirmation in a chapter 13 and a deficiency exists for which no reservation of rights had previously been asserted." *In re McBride*, 337 B.R. at 459. In *McBride*, as in *Hibble*, the creditor initially filed a secured claim, and later filed an untimely unsecured deficiency claim following the sale of its collateral.

The Court ultimately determined that the later claim should be disallowed, because the creditor had not provided any timely notice that it would seek a deficiency claim in the debtor's chapter 13 case in the event of a default. In other words, since the original claim failed to provide notice that the creditor intended to hold the debtor liable in the event of a subsequent deficiency, the later, post-deadline claim was not allowable as an amended claim. *Id.* at 460.

In reaching its decision, the Court in *McBride* relied in part on the case of *In re Matthews*, 313 B.R. 489 (Bankr.M.D.Fla. 2004). In *Matthews*, the creditor filed a timely, secured proof of claim. The debtor later surrendered the creditor's collateral, and the creditor filed an unsecured claim for the deficiency after the bar date for filing proofs of claim had passed. *In re Matthews*, 313 B.R. at 491.

The Court concluded that the deficiency claim could not be treated as an amend-

ment of the original claim, and therefore should be disallowed as untimely. *Id.* at 493. In its opinion, however, the Court clearly set forth the circumstances under which a post-deadline deficiency claim could be allowed in a chapter 13 case.

Ultimately, an amendment filed after the bar date is permitted only where the original claim provided notice to the court of the existence, nature, and amount of the claim and that it was the creditor's intent, expressed in the original claim, to hold the estate liable for the claim later set forth in the amendment. *In re Int'l Horizons,* 751 F.2d at 1217; *See In re Marineland Ocean Resorts, Inc.,* 242 B.R. 748, 754 (Bankr. M.D.Fla.1999); *See also In re Nat'l Merchandise Co., Inc.,* 206 B.R. 993, 999 (Bankr.M.D.Fla.1997).

*In re Matthews,* 313 B.R. at 493–94. In *Matthews,* the amended claim was disallowed because the creditor's initial claim, "asserting that it was fully secured, gave no indication that the estate would ever be charged with an unsecured claim." *Id.* at 494.

For a secured creditor to receive distribution on a deficiency claim under a confirmed chapter 13 plan, "it must timely file either an unsecured proof of claim or a secured claim *with a clear reservation of the right to file a deficiency claim." Id.* (Emphasis supplied).

### Application

■ Unlike the creditors in *Hibble, McBride,* and *Matthews,* the creditor in the case at issue included both secured and unsecured components in its original Claim, although the unsecured portion was claimed as a nominal amount.

Additionally, and more significantly, in its original Claim, Hyundai clearly and expressly reserved the right to seek a deficiency claim in the event that its collateral was repossessed and sold. Specifical-

ly, Hyundai included the following language in its original Claim Number 3:

> Creditor reserves the right to amend its claim to seek a deficiency balance, if any, in the event creditor's collateral is liquidated.

(Claim No. 3).

Consequently, the claim at issue in this case is readily distinguishable from the claims at issue in *Hibble, McBride,* and *Matthews.* In each of those cases, the original claims were filed solely as secured claims, with no reservation of rights to file a later unsecured claim. The initial Claim in this case, however, clearly provided notice to the Debtor that Hyundai intended to pursue a deficiency claim if the vehicle was subsequently surrendered and sold.

As set forth above, Claim Number 3 and Claim Number 10 refer to the same vehicle identification number and the same contract date. Claim Number 3 expressly reserved the right to file an amended, unsecured claim. Claim Number 10 was filed as an amended claim, and referred specifically to Claim Number 3.

Under these circumstances, the Court finds that Hyundai did not attempt to file a new claim "under the guise of amendment." *In re International Horizons,* 751 F.2d at 1216. The Debtor, the Chapter 13 Trustee, and the Debtor's other creditors had sufficient reason to know from the initial, timely claim that Hyundai intended to pursue a deficiency claim upon the subsequent liquidation of its collateral. See *In re Matthews,* 313 B.R. at 494–95. In other words, the Debtor had timely "fair notice" of the basis of Hyundai's amended Claim. *In re Hibble,* at 737.

Claim Number 10 is allowable as a proper amendment to a previous, timely-filed claim.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Reconsider Order Disallowing Claim No. 10, filed by Hyundai Motor Finance Co., is granted.

2. Claim Number 10 is allowed as a general unsecured claim in the filed amount of $6,072.63.