In re Timothy Glen **BROOKS** and Kimberly Ann Brooks, Debtors.

No. 9:08–bk–01925–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

April 23, 2009.

Robert L. Vaughn, Law Office of Robert L. Vaughn PA, Fort Myers, FL, pro se.

*ORDER ON DEBTORS' OBJECTION TO CLAIM NO. 3–2 (ACCOUNT ENDING # 0730) AND AMENDED OBJECTION TO CLAIM NO. 4–2 (ACCOUNT ENDING # 8558) OF WACHOVIA BANK, N.A., MOTION TO DETERMINE SECURED STATUS OF WACHOVIA BANK, N.A. WITH REGARD TO PROOF OF CLAIM 3–2 AND MOTION TO DETERMINE SECURED STATUS OF WACHOVIA BANK, N.A. WITH REGARD TO PROOF OF CLAIM 4–2* (Doc. Nos. 78, 117,138 and 139)

ALEXANDER L. PASKAY, Bankruptcy Judge.

**THE MATTERS** under consideration in this Chapter 13 case of Timothy Glen Brooks and Kimberly Ann Brooks (the Debtors) are Debtors' Objection to Claim No. 3–2 filed by Wachovia Bank, N.A. and Debtors' Amended Claim 4–2 filed by Wachovia Bank, N.A. (Wachovia). In addition, Wachovia also filed a Motion seeking the Determination of its Secured Status with Regard to Proof of Claim 3–2, concerning the property located at 3123 NW 18th Ave, Cape Coral, FL 33993 (Doc. No. 138) and a Motion to Determine the Secured Status with Regard to the Proof of Claim 4–2, concerning the real property of 3671 Crestwell Court, St. James City, FL 33956 (Doc. No. 139). The chronological sequences of events leading to the Debtors' Objections are not in dispute, are relevant to the Objections and the Motions filed by Wachovia and can be summarized as follows:

On February 15, 2008, the Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code (Code). The Debtors listed eleven (11) parcels of real property on their Schedule "A". The Debtors indicated on Schedule "A" that the property located at 6939 Pickadilly Ct., Ft. Myers, Fl 33919, was to be retained as their homestead. In addition to retaining their homestead, the Debtors indicated that they intend to retain the five (5) parcels of real property which are owned free and clear of mortgages and liens. In addition to the foregoing, the Debtors will surrender the remaining five (5) properties encumbered by secured claims that exceed their fair market values in full satisfaction of the secured claims.

Two of the five properties listed in the Debtors Schedule "A" to be surrendered are properties for which Wachovia filed its Proofs of Claim Nos. 3–2 and 4–2 and are the current matter before this Court. The first is with respect to Claim No. 3–2, filed

by Wachovia and asserting a secured claim in the amount of $25,000.00 on the property located at 3123 NW 18th Ave, Cape Coral, Florida, 33933. Wachovia also filed Claim No. 4–2, asserting a secured claim in the amount of $25,000.00 on the property located at 3671 Crestwell Court, St. James City, Florida, 33956. The Debtors indicated that the amount of the secured claims exceeds the fair market values of both the 3123 NW 18th Ave property and the 3671 Crestwell Court property.

On March 19, 2008, Wachovia filed an Objection to Debtors' Chapter 13 Plan (Doc. No. 23). On April 8, 2008, Wachovia filed another Objection to Debtors' Chapter 13 Plan (Doc. No. 42). On April 11, 2008, the Debtors filed their Amended Schedules "A" and "D" and stated the current value of the Debtors' interest in the 3123 NW 18th Ave is $45,500.00 and the amount of the secured claim is $45,500.00. As noted above, Wachovia asserts a secured claim in the amount of $25,000.00 and a general unsecured claim in the amount of $65,879.62. The Debtors' Amended Schedules indicate that the Debtors' current interest in the property located at 3671 Crestwell Court is $68,453.00 and the amount of the secured claim is $68,453.00 (Doc. No. 47). Wachovia asserts a secured claim in the amount of $25,000.00 and a general unsecured claim in the amount of $43,452.85. The Debtors also amended Schedule D, listing the unsecured portion of the claim for both the 3123 NW 18th St property and the 3671 Crestwell Court property at zero dollars.

The Amended Plan filed by the Debtors on April 11, 2008, indicated that they intended to surrender both the 3123 NW 18th Ave property and the 3671 Crestwell Court property. The Debtors' Amended Plan also lists the additional three (3) parcels of property to be surrendered subject to encumbrances in full and complete satisfaction of the Creditor's secured claims. Pursuant to their Chapter 13 Plan, the Debtors stated that they will pay "... the sum of *$938.00* For 6 months, or longer to a maximum of 60 months." Accordingly, the unsecured creditors will receive the sum of $5,630.00 over the life of the Plan, representing 100% distribution, but not including any payment to Wachovia's deficiency claims or another claim which is a non-dischargeable student loan.

It is without dispute that Wachovia's original Proof of Claims 3–1 and 4–1, on the 3123 NW 18th Ave property and the 3671 Crestwell Court property, respectively, did not indicate that Wachovia intended to assert a deficiency unsecured claim concerning both properties. Thus, it appears that Wachovia considered itself to be a fully secured creditor concerning both claims. However, the record is clear that Wachovia, in its Objection to the Plan submitted by the Debtors, clearly indicated that the value of its collaterals, the 3671 Crestwell Court and 3123 NW 18th Ave properties, was less than the amount due in combining the properties and that Wachovia intended to assert an unsecured deficiency claim. The record is clear that the bar date for filing proofs of claims was set for July 2, 2008, and Wachovia did not file their Proofs of Claim Nos. 3–2 and 4–2 until July 3, 2008.

As noted above, Wachovia filed Claim 3–2, indicating their secured claim totaled $25,000 and the unsecured portion of their claim was $65,879.62. In Claim 4–2, Wachovia asserts a secured claim in the amount of $25,000 and an unsecured claim in the amount of $43,452.85. On July 8, 2008, the Debtors filed their Objection to Claim 3–2 of Wachovia Bank (Doc. No. 78). On September 22, 2008, the Debtors filed their Objection to Claim 4–2 of Wachovia (Doc. No. 97) and on December 9, 2008,

the Debtors filed their Amended Objection to Claim 4–2 of Wachovia (Doc. No. 117).

On December 11, 2008, the Court sustained the Debtors' Objections to Wachovia's Claims and entered its Orders on December 21, 2009 (Doc. Nos. 120 and 121). The Debtors' Chapter 13 Plan was confirmed on January 14, 2009. On December 31, 2008, Wachovia filed its Motion for Reconsideration of this Court's Orders to Sustaining the Debtors Objections to Claims 3–2 and 4–2 (Doc. No. 124). On January 23, 2009, this Court entered an Order Granting Wachovia's Motion for Reconsideration of the Order on Objection to Claim No. 3–2 and Order on Objection to Claim No. 4–2, which vacated the Order sustaining the Debtors' Objection and held the Claims filed by Wachovia were timely filed unsecured claims and shall supersede Claims Nos. 3–1 and 4–1.

On January 30, 2009, the Debtors filed their Motion for Reconsideration of Order Granting Wachovia Bank's Motion for Reconsideration of Order on Objection to Claim 3–2 and Claim 4–2 which granted Wachovia's Motion of Reconsideration (Doc. No. 133). On April 3, 2009, this Court at the duly scheduled and noticed hearing on the Debtors' Motion for Reconsideration of the Order Granting Wachovia Bank's Motion for Reconsideration heard argument of counsel for the Debtors and for Wachovia and took the matter under advisement. The current question before this Court is whether Claim Nos. 3–2 and 4–2 of Wachovia filed on July 3, 2008, shall be deemed timely filed and should be allowed notwithstanding that the claims were filed one day after the bar date of July 2, 2008.

On February 23, 2009, Wachovia also filed a Motion for Determine Secured Status of Wachovia Bank, N.A. with regard to Proof of Claim 3–2 (Doc. No. 138) and the identical Motion concerning Proof of Claim 4–2 (Doc. No. 139). These are the relevant facts which shall be considered concerning the respective contentions of the parties and the applicable legal principles which shall govern the ultimate issue, which is the allowability of Claims Nos. 3–2 and 4–2 as allowed unsecured claims in the estate of the Debtors.

It is the contention of the Debtors that Wachovia's Motion for Reconsideration was late and therefore, the Order Granting Wachovia's Motion should be set aside, since it is without basis in fact and in law. First, the Debtors contend that the Motion was not filed within 10 days after the calendar date of the entry of the Order and therefore, the Motion is untimely. The Order was entered on December 21, 2008. The Motion of Reconsideration of that Order was filed by Wachovia on December 31, 2008. Moreover, by virtue of Section 502(j) of the Bankruptcy Code, an order allowing or disallowing a claim can be reconsidered for cause at any time as long as the case is open and pending. Based on the foregoing, this court is satisfied that the innuendo by the Debtor that the Motion for Reconsideration by Wachovia was untimely is without merit.

Concerning the substance of the argument, the Debtors contend that Wachovia, in spite of its several opportunities, never requested a hearing nor presented any evidence to prove that the properties being surrendered did indeed have an unsecured component. In support of their claims, the Debtors rely on the cases of *In re Winters*, 380 B.R. 855 (Bankr.M.D.Fla. 2007) and the case of *In re Hibble*, 371 B.R. 730 (Bankr.E.D.Pa.2007). As noted above, the Debtors are correct in stating that the original claims were filed as fully secured claims without any indication that Wachovia intended to assert a deficiency claim. However, it should be noted that throughout the Chapter 13 case, Wachovia

constantly took the position in its Objections to the Plan of Confirmation that it deemed the properties to be unsecured and would assert an unsecured deficiency claim in the future. As a general proposition, the prudent approach for a secured creditor who is uncertain of a deficiency should file a bifurcated claim composed of a secured and unsecured portion or, in the alternative, the creditor should file a motion to value the collateral and obtain an order determining the amount of deficiency based on Section 506(a) of the Code.

In the instant case, the Debtors were clearly on notice that Wachovia intended to assert a general unsecured claim for deficiency for each of the two claims involved. The Schedule "A" filed by the Debtors was filed under oath and left no doubt that in the Debtors' view the collateral had a value substantially less than the amount owed securing the particular collateral. The fact that the Debtors amended their Schedules and indicated that the current value of the NW 18th Ave property exceeded the value of the debt on the real property is of no consequence.

Wachovia filed two separate objections to the Debtors' Chapter 13 Plan and memorandum of law many months prior to the claims bar date and several months prior to confirmation. These objections clearly stated that Wachovia objected to the Debtors' intention to surrender the collateral in full satisfaction of the debt. Wachovia's objections emphasized that it intended to pursue its rights of a deficiency claim pursuant to Section 506(a) of the Bankruptcy Code. The Claims under consideration are not new claims filed by Wachovia, but are merely amendments to the original claims filed. Therefore, although the Claims filed by Wachovia facially appear to have been filed a day late, the Claims relate back to the original filing date.

The case law cited by Wachovia is equally more supportive of its claims. Contrary to their claims, the cases cited by the Debtors, *In re Winters, supra, In re Hibble, supra* and *In re Matthews,* 313 B.R. 489 (Bankr.M.D.Fla.2004) are directly on point of the narrow issues involved in the present case. In each of these cases, the creditor's claim was secured by a vehicle and the debtors indicated in their plans that they would retain the vehicle and pay the creditor directly outside of the plan. In all three cases, after plan confirmation, the debtors defaulted on their payments to the secured creditors. The secured creditors then obtained stay relief, repossessed the vehicles and sold them for less than the amount due. In each case, the debtors objected to the claims, contending that they were untimely because they were filed after both claims bar dates and after the entry of the order of confirmation. The situation was the same in the case of *In re Hibble,* where the court disallowed the proof of claim as untimely because the claim was filed after the claims bar date. In the case of *In re Matthews,* the court held the second claim could not be allowed because it was filed after the bar date and the order of confirmation was entered. Unlike the foregoing case, Wachovia filed amendments to their Claims five (5) months before the Plan was confirmed.

It should be noted that in the case of *In re Matthews,* the court allowed the secured creditor an administrative claim for the period the debtors used the vehicle without making the monthly payments that were due. The *Matthews* court cited five (5) equitable factors to be used when considering the allowance of amendments of a timely filed claim. *See In re Int'l Horizons,* 751 F.2d 1213, 1216 (11th Cir.1985) (citing *In re Miss Glamour Coat Co., Inc.,* 1980 WL 1668, 1980 U.S. Dist. LEXIS 14545, 80–2 U.S. Tax Cas. (CCH) P9737 (S.D.N.Y.1980)); *In re Marineland Ocean*

*Resorts, Inc.*, 242 B.R. at 755; *In re Jones*, 219 B.R. at 635. These factors are: "(1) whether the debtor and creditors relied on the earlier proof of claim or had reason to know that a subsequent proof of claim would be filed; (2) whether other creditors would receive a windfall if the court refused to allow amendment; (3) whether the claimant intentionally or negligently delayed in filing the amendment; (4) the justification for the failure to file for an extension to the bar date; and (5) whether other equitable considerations exist which compel amendment." *In re Matthews*, 313 B.R. at 494.

Lastly, the Debtors maintain that the two recent orders entered in the similar cases of *In re Semonin*, No. 9:08–bk–01140–ALP (Doc. No. 63) (Bankr.M.D. Fla. Sept 28, 2008) and *In re Hughes*, 402 B.R. 404 (Bkrtcy.M.D.Fla.2008), concerned the identical issue involved in the present case. In both cases, the courts ruled that the secured creditor was entitled to have an allowed general unsecured claim for deficiency balance. In these cases, the issue was resolved in favor of Wachovia based in its objections to the Chapter 13 plans solely because the debtors in these cases never filed objections to the creditor's amended claims.

As noted above, Wachovia filed its Motions to Determine Secured Status of Wachovia Bank, N.A. with Regard to Proof of Claims 3–2 and 4–2 (Doc Nos. 138 and 139). In its Motion, Wachovia stated that it is uncertain whether the claim is fully secured, and requests that this Court determine the secured status of Proof of Claim 3–2 to be $90,879.62, the secured portion of the claim to be $25,000 with the remaining balance in the amount of $65,879.62 allowed as a general unsecured claim. Wachovia also requests that the Court determine that the secured status of Wachovia's Proof of Claim 4–2 to total the sum of $68,452.85; the secured portion of the claim to be $25,000, pursuant to Section 506(a), with the remaining balance allowed as a general unsecured claim in the amount of $43,452.85. However, in its Motions, Wachovia, in order to avoid further litigation, is willing to accept as the amount of the deficiency the amount initially stated by the Debtors in their Schedules. Be that as it may, Wachovia's Motions to Determine Secured Status with Regard to Proof of Claims 3–2 and 4–2 in the total amount of $90,879.62 and $68,452.85, respectively, should be granted. And Wachovia's secured portion of the Claim Nos. 3–2 and 4–2 are $25,000 each, pursuant to Section 506(a), with the balance of both claims allowed as a general secured claim.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtors Objection to Claims No. 3–2 of Wachovia Bank, N.A. (Doc. No. 78) be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Amended Debtors Objection to Claims No. 4–2 of Wachovia Bank, N.A. (Doc. No. 78) be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Determine Secured Status of Wachovia Bank, N.A. with regard to Proof of Claim 3–2 (Doc. No. 138) be, and the same is hereby, granted. The secured status of Wachovia's Proof of Claim 3–2 is determined to be $90,879.62; the secured claim totals $25,000, and the remaining balance in the amount of $65,879.62 is allowed as a general unsecured claim. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Determine Secured Status of Wachovia Bank, N.A. with regard to Proof of Claim 4–2 (Doc.

No. 139) be, and the same is hereby, granted. The secured status of Wachovia's Proof of Claim 4–2 is $68,452.85; the total secured claim is $25,000, and the remaining balance in the amount of $43,452.85 is allowed as a general unsecured claim.