**In re Catherine Patricia HUGHES, Debtor.**

**No. 6:07–bk–06790–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

July 24, 2008.

Lewis Matthew Roberts, Roberts Law Partners, Ormond Beach, FL, for Debtor.

## *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Chapter 13 Plan (Doc. No. 13) filed by Catherine Patricia Hughes, the Debtor herein ("Debtor"), and the Objection to Debtor's Chapter 13 Plan (Doc. No. 22) filed by Wachovia Bank, N.A. ("Wachovia"), a creditor herein. The confirmation

---

1. The Debtor's Motion for authority to sell the Property to a third party for $192,000.00 (Doc. No. 20) was granted by Order entered

hearing was held on June 24, 2008 at which counsel for Laurie K. Weatherford, the Chapter 13 Trustee, and counsel for Wachovia appeared.

The Plan was conditionally confirmed by Order entered on June 26, 2008 (Doc. No. 37) subject to the determination of Wachovia's Objection.

The Debtor filed this case on December 27, 2007 ("Petition Date"). She owned on the Petition Date her former residence located at 3 Parkside Way, Ormond Beach, Florida 32174 ("Property") valued by her in Schedule A at $219,000.00. The Property is encumbered by a first priority mortgage held by Countrywide Home Loans and a second priority mortgage held by Wachovia. Wachovia holds a lien pursuant to a Prime Equity Line of Credit Agreement & Disclosure Statement with a maximum credit line of $20,000.00 and an Open–End Mortgage executed by the Debtor on April 21, 2005.

Countrywide filed a secured claim (Claim No. 1) asserting a claim of $148,140.69 and Wachovia filed an amended secured claim (Claim No. 3–2) asserting a claim of $51,285.19. The Debtor did not file an objection to or seek to modify Wachovia's claim.

 The Plan provides the Property will be surrendered in full satisfaction of Wachovia's secured claim.[1] Wachovia objects to the Plan asserting surrender of the Property will not satisfy its claim and "it will undoubtedly have an unsecured deficiency claim after liquidation of the collateral under the present market conditions." Objection at ¶ 6. Wachovia asserts "it has the legal right to file an amended Proof of Claim setting forth any deficiency

on April 18, 2008. The sale, apparently, was not consummated.

balance ....," but does not cite any supporting statutory or case law. *Id.* at ¶ 7.

Wachovia asserts the Plan is not feasible and "fails to meet the requirements for confirmation." *Id.* at ¶ 9. The objections set forth in Paragraph 9 of the Objection were overruled by the June 26, 2008 Order.

Wachovia requests an award of attorneys' fees and costs incurred regarding the Objection, but failed to specify what fees and costs were incurred and identify a basis for such an award. The request is due to be denied.

Section 1325 of the Bankruptcy Code sets forth the standards for confirmation of a Chapter 13 plan. Subsection 1325(a)(5) addresses allowed secured claims and provides for two alternative methods for treatment of a creditor holding an allowed secured claim who has not accepted the plan. A debtor may either retain the collateral securing the claim and make payments to the creditor pursuant to 11 U.S.C. Section 1325(a)(5)(B) or surrender the collateral pursuant to 11 U.S.C. Section 1325(a)(5)(C).[2]

Section 1325(a)(5) interlinks with Section 502, which addresses the allowance of claims or interests, and Section 506, which addresses the determination of the secured status of a claim. Section 506(a)(1) provides:

> An allowed claim of a creditor secured by a lien of property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest

> ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1) (2008).[3] The Supreme Court determined the first sentence of Section 506(a)(1) "tells us that a secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral." *Associates Commercial Corp. v. Rash,* 520 U.S. 953, 961, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). The second sentence of Section 506(a)(1) speaks to how value is to be determined. *Id.*

■ The Bankruptcy Code is silent as to the manner in which the holder of an allowed secured claim may dispose of collateral surrendered pursuant to Section 1325(a)(5)(C). Non-bankruptcy law and the underlying loan documents control the disposition of surrendered collateral. *First Brandon Nat'l Bank v. Kerwin (In re Kerwin),* 996 F.2d 552, 557 (2d Cir. 1993); *see,* Fla. Stat. §§ 702.01, *et seq.* (governing mortgage foreclosures).

The Property constituted property of the estate on the Petition Date pursuant to

---

2. The Bankruptcy Abuse and Consumer Protection Act of 2005 amended Section 1325 by adding a new, unnumbered hanging paragraph following Section 1325(a)(9) addressing debt secured by a purchase money security interest incurred within 910 days of the petition date. The hanging paragraph is not relevant to this matter.

3. The legislative history of Section 506(a) sets forth: "Subsection (a) of this section separates an undersecured creditor's claim into two parts: He has a secured claim to the extent of the value of his collateral; and he has an unsecured claim for the balance of his claim." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 356 (1977), U.S.Code Cong. & Admin.News 1978, p. 5963.

11 U.S.C. Sections 541(a) and 1306(a). Wachovia, pursuant to 11 U.S.C. Sections 502(a) and 506(a)(1), holds an allowed claim, Claim No. 2. The surrender of the Property may not have fully satisfied Wachovia's claim.

Wachovia, to the extent its claim is undersecured, is entitled to file a general unsecured deficiency claim pursuant to 11 U.S.C. Section 506(a)(1). Such deficiency claim would share pro rata in any distributions to other unsecured creditors.

Wachovia's Objection is due to be sustained.

Accordingly it is,

**ORDERED, ADJUDGED and DECREED** that Wachovia's Objection (Doc. No. 22) is hereby **SUSTAINED;** and it is further

**ORDERED, ADJUDGED and DECREED** that any deficiency claim may be filed by Wachovia and served on the Debtor within sixty days of the date of entry of this Order; and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor may file and serve an objection to such unsecured deficiency claim within fourteen days of its filing; and it is further

**ORDERED, ADJUDGED and DECREED** that Wachovia's request for an award of attorneys' fees and costs is hereby **DENIED.**